IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL RAY STAFFORD,<br>CHARLES SMITH and DOUGLAS SMITH,<br>individually, and on behalf of those<br>similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INDIANA DEPARTMENT OF<br>CORRECTIONS, ROBERT E. CARTER, JR.,<br>MICHAEL MITCHEFF, M.D.,<br>MONICA GIPSON, R.N.,<br>PAUL TALBOT, M.D.,<br>MICHAEL PERSON, M.D.,<br>HOUMAN KIANI, M.D., and<br>CORIZON HEALTH, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. 1:17-cv-289<br><br><br><br><br><br><br><br><br><br>Complaint – Class Action<br>Jury Trial Requested |

**CLASS ACTION COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.     The named plaintiffs are state prison inmates incarcerated in Pendleton

Correctional Facility, Pendleton, Indiana ("PCF"), who have tested positive for the

Hepatitis C virus ("HCV"), a chronic disease primarily affecting the liver that can lead to

cirrhosis, liver failure, cancer, and other serious and potentially life-threatening

conditions. Plaintiffs allege that Defendants have failed to provide medical treatment for

HCV that meets the recognized standard of care in the United States.

2.     The standard of care requires that HCV be treated with certain direct-

acting antiviral ("DAA") oral medications approved by the U.S. Food and Drug

Administration ("FDA"). This standard is set forth in the clinical guidelines and treatment

recommendations developed by the nation's preeminent medical and scientific societies

specializing in the study and treatment of HCV, which have been cited by the Federal Bureau of Prisons ("FBOP"). These guidelines are available online and are regularly updated to incorporate the most current research.[1]

## JURISDICTION, VENUE, AND CAUSES OF ACTION

3.      This Court has original subject matter jurisdiction of the federal questions presented herein pursuant to 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), for some or all of the Defendants reside in this judicial district, and the events or omissions giving rise to these claims that arose here.

5.      Plaintiffs set forth claims under the Eighth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12131 *et seq.* (the "ADA"); and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.* (the "Rehabilitation Act").

6.      Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

*PLAINTIFFS*

7.      Michael Ray Stafford, an inmate of the Indiana Department of Corrections ("DOC") at PCF, was informed by DOC personnel or agents that he tested positive for HCV after he was the victim of an assault by another inmate who infected him with HCV-positive blood products, prior to October 2013.

---

[1] http://hcvguidelines.org/, last accessed January 27, 2017; *and see* http://www.bop.gov/resources/pdfs/hepatitis_c.pdf, last accessed January 27, 2017.

8.      Charles Smith, an inmate of DOC at PCF, was informed by DOC personnel or agents that he was HCV-positive when he was incarcerated at the DOC facility in Michigan City, Indiana, prior to October 2013.

9.      Douglas Smith, an inmate of DOC at PCF, was informed by DOC personnel or agents he was HCV-positive prior to October 2013.

*DEFENDANTS*

10.     The DOC is an agency of the State of Indiana, with its principal place of business and headquarters in the City of Indianapolis, Indiana, and receives federal funds.

11.     Commissioner Robert E. Carter, Jr., an adult individual, is the duly appointed Commissioner of Corrections of the DOC, is responsible for HCV policy and the administration and supervision of HCV treatment staff within DOC, and is sued in his official capacity for actions and omissions taken under the color of law.

12.     Michael Mitcheff, M.D., an adult individual, is the Chief Medical Officer of the DOC, is responsible for medical services within DOC, including HCV diagnosis and treatment, and is sued in his individual and official capacities for actions and omissions taken under color of law.

13.     Monica Gipson, R.N., an adult individual, is DOC's Director of Health Services, responsible for medical services within DOC, including HCV diagnosis and treatment, and is sued in her individual and official capacities for actions and omissions taken under color of law.

14.     Paul Talbot, M.D., an adult individual, at all relevant times is or was a treating physician at PCF, with the obligation to provide the current standard of care for HCV, is sued in his individual and official capacities for actions and omissions taken

under color of law.

15.     Michael Person, M.D., an adult individual, at all relevant times is or was a treating physician at PCF, with the obligation to provide the current standard of care for HCV, is sued in his individual and official capacities for actions and omissions under color of law.

16.     Houman Kiani, M.D., an adult individual, at all relevant times is or was a treating physician at PCF, with the obligation to provide the current standard of care for HCV, is sued in his individual and official capacities for actions and omissions under color of law.

17.     Defendant Corizon Health, Inc. ("Corizon"), is a for-profit foreign company doing business in the State of Indiana, with corporate offices located at 105 Westpark Drive, Suite 200, Brentwood, Tennessee; and a principal office at 3737 N. Meridian St., Indianapolis, Indiana, and is a recipient of federal funds. The registered agent for Corizon Health is CT Corporation System, 150 West Market St., Ste. 800, Indianapolis, Indiana, 46204.

18.     Plaintiffs sue Defendants DOC and Corizon for the creation and implementation of policies that have directly inflicted harm and demonstrated deliberate indifference to Plaintiffs' disability, disease, and serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution, the ADA and the Rehabilitation Act.

## NATURE OF THE CASE

*The Hepatitis C Virus*

19.     HCV is a disabling, chronic and easily spread blood-borne disease that substantially impairs the digestive and circulatory system as it destroys the liver and kills

the patient. As a result, HCV substantially impairs major life activities of eating, walking, moving, self-care, normal psychological and emotional functioning, and life itself.

20.    The standard of care for HCV requires treatment with FDA-approved DAA drugs.

21.    HCV's overt symptoms are often subtle, and include lethargy, fatigue, non-specific pain, skin rashes and jaundice, while HCV destroys the circulatory system, kidney and liver function of its victims. HCV has been a growing silent epidemic since it was first discovered in 1989, and, even today, half of the three-to-four million or more Americans infected with HCV are not aware of their infected status.[2]

22.    Before the new era in HCV treatment began in late 2013, HCV treatment consisted of highly individualized drug "cocktails" combined with weekly toxic *Interferon* injections that lasted nearly a year. *Interferon* side effects included debilitating flu-like symptoms. Cure-rates were under 50%, and there was no single standard of care protocol because treatment varied significantly. *See, e.g., Roe v. Elyea*, 631 F.3d 843, 863-67 (7th Cir. 2011).

*October 2013: FDA Breakthrough Cure for HCV*

23.    The bleak prospects for HCV-infected patients changed completely in October 2013, when the FDA approved new "breakthrough" DAA drugs that cured HCV in only 12 weeks with daily oral medication, at a 95% rate.

24.    By late 2013, the three relevant medical societies -- the American Association for the Study of Liver Disease ("AASLD"), the Infectious Disease Society of America ("IDSA"), and the International Anti-viral Society-USA (IAS-USA) -- convened thirty experts in gastroenterology, hepatology, and infectious diseases to constitute a

---

[2] http://www.hcvguidelines.org/, last accessed January 27, 2017.

guidance panel (a.k.a. the "HCV Guidance Panel") to advise all practitioners who treat HCV.[3]

25.     The HCV Guidance Panel was convened to advise HCV-treating medical practitioners of the standard of care by creating a website to provide:

> ...[U]p-to-date recommendations for HCV practitioners on the optimal screening, management and treatment for adults with HCV infection in the United States, using a rigorous review process to evaluate the best available evidence.... This [website] was conceived as a living document that would reside online and undergo real-time revisions as the field evolved.[4]

*"Clearly-Established Rights" Regarding HCV in Particular*

26.     The Defendants have violated Plaintiffs' clearly established rights under the Eighth and Fourteenth Amendments to the United States Constitution by failing to adhere to the HCV Guidance Panel's standard of care because:

> a.   Practitioners are legally obliged to prescribe lifesaving medication required by the current standard of care;
>
> b.   Failing to provide the standard of care for HCV can cause Plaintiffs cognizable harm (*see, e.g., Erickson v. Pardus,* 551 U.S. 89 (2007)); and
>
> c.   Exposing uninfected inmates to infection from HCV-positive inmates can constitute deliberate indifference. *See, e.g., Helling v. Mckinley*, 509 U.S. 25, 33 (1993) (citing *Hutto v. Finney*, 437 U.S. 678, 682 (1978)).

---

[3] The origins, purpose and process of the HCV Guidance Panel and its website are explained by the AASLD/IDSA HCV Guidance Panel (2015), "Hepatitis C guidance: AASLD-IDSA recommendations for testing, managing, and treating adults infected with hepatitis C virus," Hepatology, Vol. 62, Issue 3, 932-954, Nov. 3, 2015 (attached as Exhibit 1); also available online at http://onlinelibrary.wiley.com/doi/10.1002/hep.27950/full, last accessed January 27, 2017.

[4] *Id*. at 932

27.    Each day the Defendants breach the standard of care, the likelihood of cirrhosis of the liver, liver cancer, liver transplant, and death from HCV increases for each named Plaintiff and each member of the Class they represent; as does the likelihood of infection for those in DOC facilities and the general public after their release.

28.    On February 24, 2016, the HCV Guidance Panel explicitly recommended, without reservation, that all HCV treatment practitioners prescribe the DAA drugs for all HCV-positive patients.  The Veteran's Administration adopted this policy on the same day.

## FACTS

29.    Each named Plaintiff is confined at PCF and has been has been diagnosed by Defendants as HCV-positive prior to the filing of the Complaint; has requested treatment with the DAA drugs; has been denied such treatment by Defendant DOC; and has exhausted internal remedies.

30.    Defendant DOC screens all inmates for HIV and HCV infections, and is thus aware of each inmate who is HCV-positive and HIV co-infected, and who pose a risk of infecting other inmates in the prison population and the general public upon release.

31.    On information and belief, Defendant DOC has recently acknowledged that approximately 190 inmates at PCF are HCV-positive.

32.    The standard of care for HCV-positive patients requires they be treated with DAA drugs, and be cured in 12 weeks in order to: (a) prevent the spread of the epidemic, and (b) prevent deterioration of the patients' internal organs.

33.     Because of the short-term costs of treating HCV-positive inmates in the DOC system, Defendants DOC and Corizon have deliberately instituted a policy of rationing anti-HCV medication and non-compliance with the standard of care.

34.     Upon information and belief, Defendants have conspired to avoid treating HCV-positive inmates according to the standard of care, for reasons of administrative convenience and cost, both of which are unrelated to the medical needs of individual inmates.

35.     As a result of their failure to treat HCV-positive inmates appropriately, Defendants have exposed named Plaintiffs and other HCV-positive inmates to significant harm, and placed the entire prison population and the general public to greatly increased risk of serious harm and injury from HCV infection by spreading the infection throughout the prison population and beyond.

36.     Upon information and belief, at all relevant times, all Defendants had actual knowledge of the HCV Guidance Panel Guidelines, through websites, professional journals, professional meetings, FBOP publications and general media.

37.     At all times relevant to this lawsuit, Defendants DOC and Corizon, and their agents or contractors, were aware that named Plaintiffs have been infected with HCV and are aware of each member of the proposed class who is also HCV-positive (*i.e.,* the 190 inmates at PCF alone).

38.     On information and belief, at all times relevant to this lawsuit, Defendants have willfully delayed, denied, or deliberately and indifferently interfered with Plaintiffs' HCV treatment for non-medical reasons, contrary to the standard of care, by withholding HCV treatment until Plaintiffs manifest fibrosis, cirrhosis of the liver, or liver cancer; and by permitting HCV-infected persons to remain infectious to others at all times.

39.     At all times relevant to this lawsuit, Defendants have willfully and knowingly exposed uninfected inmates to life-threatening HCV infections for non-medical reasons by withholding the standard of care for inmates who are HCV-positive.

40.     Defendants' knowing refusal to treat Plaintiffs pursuant to the standard of care prolongs and increases the harm HCV is causing to named Plaintiffs' and inmate class members' bodies and life expectancies, and demonstrates deliberate indifference to their serious medical needs.

41.     Plaintiffs sue Defendant DOC for the creation and implementation of policies that have:

         a.  directly inflicted harm upon, and demonstrated deliberate indifference to the disability, disease, and serious medical needs of Plaintiffs, in violation of the Plaintiffs' clearly established rights under the Eighth Amendment, as incorporated by the Fourteenth Amendment, and

         b.  discriminated against Plaintiffs on the basis of their disability, in violation of Title II of the ADA and the Rehabilitation Act.

<u>Class Allegations</u>

42.     Plaintiffs bring this action on behalf of themselves and others similarly situated (the "Class") pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2).

43.     Plaintiffs seek to represent the following Class on claims for declaratory and injunctive relief and damages: all persons (male and female) incarcerated in DOC facilities with 12 weeks or more remaining on their sentences, who test HCV-positive and wish to receive the standard of care treatment.

44.     The requirements of Fed. R. Civ. P. 23(a) are met by this action.

45.    The numerosity requirement of Fed. R. Civ. P. 23(a)(1) is met, for in addition to the approximately 190 HCV-positive inmates at PCF alone, there are likely a significant number of persons (male and female) incarcerated in other DOC facilities with diagnosed and undiagnosed HCV. The number of persons who are members of the Class described above is so large that joinder of all members in one action is impracticable.

46.    Questions of law and fact are common to the Class pursuant to Fed. R. Civ. P. 23(a)(2), including but not limited to: (1) the standard of care; (2) whether the DOC policy must be replaced with the standard of care; (3) whether the DOC's refusal to adhere to the standard of care violates the Class members' rights under the Eighth Amendment as incorporated by the Fourteenth Amendment; (4) whether the DOC's refusal to adhere to the standard of care violates: (a) the ADA, and (b) Section 504 of the Rehabilitation Act; and (5) the declaratory and prospective equitable relief in standard of care treatment of HCV predominate over any unique relief demands of Plaintiffs or class members.

47.    Plaintiffs' claims are typical of those of the Class members, pursuant to Fed. R. Civ. P. 23(a)(3), because named Plaintiffs and all Class members were injured by the same wrongful policy and practices of Defendants as described in this Complaint; and are based on the same legal theories and factual questions relating to the standard of care.

48.    Plaintiff's claims are representative of those of the Class, pursuant to Fed. R. Civ. P. 23(a)(4), because (1) Plaintiffs will fairly and adequately protect the interests of the Class; (2) Plaintiffs have no interests contrary to the Class they seek to represent; (3) Plaintiffs are represented by competent and skilled counsel whose interests are aligned with the interests of the Class; (4) relief concerning named Plaintiffs' rights under the laws herein alleged and with respect to the Class would be proper; (5) Defendants have acted

or refused to act with respect to the Class as a whole; and (6) Counsel for Plaintiffs have developed a particular expertise in the rapidly changing science underlying the changes in the standard of care for HCV practitioners.

49.     A class action satisfies Fed. R. Civ. P. 23(b)(3), because: (1) it is superior to other available methods for the fair and efficient adjudication of this litigation since joinder of all members of the Class is impracticable; (2) the number would prove unduly burdensome and inefficient for the Court and parties;  (3) because a common set of facts, grievances and remedies predominate over individual issues, relief by a single court is in the interest of all parties; and (4) conduct of this action as a class action will protect the rights of all Class members and promote judicial efficiency and consistency.  Notice can be provided to Class members by United States mail.

## LEGAL CLAIMS

### Claim I
### Eighth Amendment
### Dr. Talbot, Dr. Person and Dr. Kiani

50.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 49 of this Complaint.

51.     Named Plaintiffs and all persons similarly situated have a serious medical need to be treated pursuant to the standard of care.

52.     Dr. Talbot, Dr. Person and/or Dr. Kiani, while acting under the color of law, were aware of the named Plaintiffs' serious medical needs, and were personally involved with the denial of care to Plaintiffs.

53.     Within the scope of their employment or contract by, with, or through Corizon and/or DOC, these Defendants have and/or had the responsibility to care for

the Plaintiffs according to the standard of care, but breached this standard of care and continue to do so, all of which has caused harm to Plaintiffs.

54.     Part or all of the foregoing breach of the standard of care was and remains due to these Defendants' reliance on DOC policies or protocols that fail to meet this standard.

55.     Said Defendants, in the course and scope of their employment, were and remain deliberately indifferent to the need for medical treatment of Plaintiffs and persons similarly situated.

56.     The actions and omissions of the Defendants described herein constitute a violation of the rights secured to Plaintiffs and persons similarly situated by the Eighth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment to the United States Constitution.

57.     As a proximate result of the actions and omissions discussed in this count, Plaintiffs and persons similarly situated were injured, endured physical pain and mental suffering, experienced mental anguish and emotional distress and will continue to suffer from these injuries in the future.

**Claim II**
**Eighth Amendment**
**Dr. Mitcheff and Monica Gipson, R.N., in their Individual Capacities**

58.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 57 of this Complaint.

59.     Defendants Dr. Mitcheff, as Medical Director, and Monica Gipson, R.N., as Director of Health Services, of DOC were aware of named Plaintiffs' serious medical needs for treatment for HCV in accordance with the standard of care, and were personally involved in the denial of care to Plaintiffs.

60.     These Defendants know the substantial risk that Plaintiffs suffer from progression of HCV infections, which foreseeably lead to exacerbated liver or kidney malfunction, liver fibrosis, liver cirrhosis, liver cancer, expensive liver transplant, and/or death by liver malfunction.

61.     Said Defendants, in the course and scope of their employment by DOC, were and remain deliberately indifferent to the need for medical treatment of Plaintiffs, and persons similarly situated, and have proximately caused Plaintiffs harm while acting under the color of law.

62.     The actions and omissions of the Defendants described herein constitute a violation of the rights secured to Plaintiffs and persons similarly situated by the Eighth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment to the United States Constitution.

63.     As a proximate result of the actions and omissions discussed in this count, Plaintiffs and persons similarly situated were injured, endured physical pain and mental suffering, experienced mental anguish and emotional distress and will continue to suffer from these injuries in the future.

### Claim III
### Eighth Amendment
### Corizon

64.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 63 of this Complaint.

65.     Plaintiffs and all persons similarly situated have a serious medical need for HCV treatment in accordance with the standard of care, and to avoid the risk of being infected or re-infected by inmates untreated for HCV infections.

66.     At all times relevant to this action, Corizon was a private actor under contract or otherwise obligated to provide medical care to incarcerated inmates for the State of Indiana. Because their conduct is fairly attributable to the State of Indiana, Corizon, acted under color of state law at all relevant times.

67.     Corizon, by and through its agents, employees, or representatives, was aware of the serious medical needs of Plaintiffs and persons similarly situated.

68.     Corizon deliberately disregarded and was indifferent to the substantial risk posed by Plaintiff's serious medical needs, and the progression of HCV infection by failing to enact policies to assure that the named Plaintiffs and Class members would obtain the standard of care for HCV treatment while acting under the color of law.

69.     Corizon, by and through its agents, employees, or representatives, was deliberately indifferent to the serious medical needs of Plaintiffs and persons similarly situated, all of which proximately caused Plaintiffs harm.

70.     The actions and omissions of Corizon described herein constitute a violation of the rights secured to Plaintiffs and persons similarly situated by the Eighth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment to the United States Constitution.

71.     As a proximate result of the actions and omissions discussed in this count, Plaintiffs and persons similarly situated were injured, endured physical pain and mental suffering, experienced mental anguish and emotional distress and will continue to suffer from these injuries in the future.

**Claim IV**
**Eighth Amendment**
**DOC and Commissioner Carter in his Official Capacity**

72.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 71 of this Complaint.

73.     Plaintiffs and all persons similarly situated had a serious medical need for standard of care medical treatment of their HCV.

74.     Defendants DOC and Carter (including Carter's predecessor) through the actions of their agents, employees, or representatives, were aware of Plaintiffs' serious need for standard of care medical treatment of their HCV, above, as well as the need of the approximately 190 HCV-positive inmates at PCF.

75.     Defendants DOC and Carter deliberately disregarded and were indifferent to the substantial risk of progression of the HCV infection by failing to enact policies to assure that the named Plaintiffs and Class members would obtain the standard of care treatment for HCV practitioners while acting under the color of law.

76.     Defendants DOC and Carter were deliberately indifferent to the substantial risk of progression of the HCV infection of Plaintiffs and all persons similarly infected with the HCV virus, which proximately caused Plaintiffs harm.

77.     Defendants DOC and Carter were deliberately indifferent to the substantial risk of spreading HCV to the rest of the prison population and the general public by failing to follow the standard of care for treating HCV-infected inmates to eliminate the virus from the prison blood pool.

78.     The actions and omissions of Defendants described herein constitute a violation of the rights secured to Plaintiffs and persons similarly situated by the Eighth

Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment to the United States Constitution.

79.     As a proximate result of the actions and omissions discussed in this count, Plaintiffs and persons similarly situated were injured, endured physical pain and mental suffering, experienced mental anguish and emotional distress and will continue to suffer from these injuries in the future.

**Claim V**
**§ 504 of the Rehabilitation Act and Title II of the ADA**
**Corizon**

80.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 79 of this Complaint.

81.     Defendant Corizon was and is aware that Plaintiffs' HCV is a disability and physical impairment that can and does substantially affect the major life activities of digestive systems, circulatory systems, and life itself.

82.     Corizon, by and through its agents, employees, or representatives, knew that delay of Plaintiffs' treatment would foreseeably lead to exacerbated serious medical harms including liver malfunction, liver fibrosis, liver cirrhosis, liver cancer, liver transplant and/or death by liver malfunction.

83.     Corizon deliberately disregarded and was indifferent to the substantial risk of progression of the HCV infection by failing to enact policies to assure that the named Plaintiffs and Class members would obtain the standard of care treatment for HCV practitioners while acting under the color of law.

84.     Corizon could have reasonably accommodated Plaintiffs' HCV disabilities, so as not to exclude them from participation in, deny them the benefits of the

federally funded services, programs, or activities of Corizon by reasonably accommodating Plaintiffs' HCV disabilities with standard of care treatment.

85.     Corizon failed to reasonably accommodate Plaintiffs' known disabilities, notwithstanding that compliance with the standard of care is not an undue hardship.

86.     Corizon, as the contracted medical care provider of the DOC, through its agents, employees, or representatives, acted with deliberate, reckless, knowing, or intentional disregard for the rights, health, and safety of the Plaintiffs, which proximately caused Plaintiffs harm.

87.     The actions and omissions of Corizon described herein constitute violations of § 504 of the Rehabilitation Act and Title II of the ADA.

88.     As a proximate result of the actions and omissions discussed in this count, Plaintiffs and persons similarly situated were injured, endured physical pain and mental suffering, experienced mental anguish and emotional distress and will continue to suffer from these injuries in the future.

### Claim VI
### § 504 of the Rehabilitation Act; and Title II of the ADA
### DOC and Commissioner Carter in his official capacity

89.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 88 of this Complaint.

90.     Plaintiffs have HCV, a disability and physical impairment that can and does substantially affect the major life activities of digestive systems, circulatory systems, and life itself, of which Defendants were aware.

91.     Defendants DOC and Carter had actual knowledge that progression of HCV can and would foreseeably lead to exacerbated serious medical harms including

liver malfunction, liver fibrosis, liver cirrhosis, liver cancer, expensive liver transplant, or even death by liver malfunction.

92.     Defendants DOC and Carter disregarded the substantial risk of progression of the HCV infection, by failing to assure that Plaintiffs and Class members would obtain the standard of care treatment for their condition while acting under the color of law.

93.     Defendants DOC and Carter could have reasonably accommodated Plaintiffs' disabilities, so as not to exclude them from participation in, or deny them the benefits of the federally funded services, programs, or activities of Defendant DOC, by reasonably accommodating Plaintiffs' disabilities, by providing them with the treatment required by the standard of care.

94.     Defendants DOC and Carter failed to reasonably accommodate Plaintiffs' known disabilities.

95.     Due to the foregoing failures, Plaintiffs and all other similarly situated qualified disabled persons continue to suffer injuries that include progression of their respective infections, increased symptoms, pain, suffering, fear, diminished enjoyment of life, and decreased life expectancy, in addition to threat of infection and re-infection.

96.     Defendants DOC and Carter acted with deliberate, reckless, knowing, or intentional disregard and indifference for the established rights, health, and safety of Plaintiffs, and those similarly situated, which proximately caused Plaintiffs harm.

97.     The actions and omissions of the Defendants described herein constitute violations of § 504 of the Rehabilitation Act and Title II of the ADA.

98.     As a proximate result of the actions and omissions discussed in this count, Plaintiffs and persons similarly situated were injured, endured physical pain and mental

suffering, experienced mental anguish and emotional distress and will continue to suffer from these injuries in the future.

### RELIEF REQUESTED

WHEREFORE named Plaintiffs and all similarly situated Plaintiffs pray for the following relief:

99.    For named Plaintiffs and members of the Plaintiff Class, such equitable relief as this Court deems just and proper, including, but not limited to, HCV treatment pursuant to the current standard of care;

100.    For Plaintiffs, an award of appropriate compensatory damages against Defendants, jointly and severally, for all claims for which compensatory damages are available, in an amount to be determined by jury; and

101.    For named Plaintiffs, an award of punitive damages against Defendants, sued in their respective individual capacities, jointly and severally, for claims arising under the Eighth and Fourteenth Amendments to the United States Constitution, in an amount to be determined at trial by jury;

102.    Attorney fees, expenses and costs, and all other appropriate relief to which the Court may deem Plaintiffs entitled.

## <u>REQUEST FOR TRIAL BY JURY</u>

Plaintiffs, by counsel, hereby request a trial by jury with respect to any issues so triable.

Respectfully submitted,


<u>s/ Robert A. Katz</u>
Robert A. Katz
(pending pro hac vice admission)
Professor of Law, Indiana University
ROBERT H. MCKINNEY SCHOOL OF
LAW
530 West New York Street
Indianapolis, IN  46202
317-278-4791 T
rokatz@iu.edu

<u>s/ Mark W. Sniderman</u>
Mark W. Sniderman
SNIDERMAN NGUYEN LLP
47 S. Meridian St., Ste. 400
Indianapolis, IN  46220
317-361-4700 T
317-464-5111 Fx
mark@snlawyers.com