IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL RAY STAFFORD, CHARLES SMITH and DOUGLAS SMITH, individually, and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT E. CARTER, JR., et al., <br><br> Defendants. | Case No. 1:17-cv-289-JMS-MJD |

**RESPONSE TO DEFENDANT'S, WEXFORD OF INDIANA, LLC, MOTION TO DISMISS COUNT IV**

Plaintiffs, Michael Ray Stafford, Charles Smith and Douglas Smith, individually, and on behalf of those similarly situated, by counsel, hereby file their response to Defendant's, Wexford of Indiana, LLC ("Wexford"), *Motion to Dismiss Count IV of Plaintiffs' First Amended Class Action Complaint* (hereinafter referred to as the "Motion"), and the memorandum of law in filed in support thereof. (Dkt. 77, 77-1) The *Motion* should be denied because Wexford responds to a claim Plaintiffs did not make; because Plaintiffs alleged Wexford received federal funds; and because Plaintiffs alleged Wexford discriminated against them on the basis of their disability.

## I. INTRODUCTION

This case is brought by state prison inmates with Hepatitis C virus ("HCV"), who claim they are being discriminated against, and who seek to be treated pursuant to the standard of care. Plaintiffs initiated suit against multiple defendants, asserting violations of their rights held pursuant to the Eighth Amendment, via 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. ("ADA"), and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq*. ("Rehabilitation Act").

(Dkt. 1) Plaintiffs subsequently filed their *First Amended Complaint* ("FAC"), which added Wexford as a party-defendant, and which is now the operative pleading. (Dkt. 39) The FAC asserts two counts against Wexford: Count I alleges violations of the Eighth Amendment, brought pursuant to 42 U.S.C. § 1983 (dkt. 39, pp. 12-15); and Count IV alleges violations of Title III of the ADA and § 504 of the Rehabilitation Act.

Wexford now moves to dismiss Count IV of the FAC, because, it asserts, (1) it is a private corporation which does not receive federal funds; (2) it is thus not a proper defendant pursuant to Title II of the ADA and the Rehabilitation Act; and (3) the FAC lacks specificity regarding the basis of discrimination. (Dkt. 77-1, pp. 3-5)

## II.    FACTS

Plaintiffs have pled that Wexford is a for-profit company which receives federal funds. (Dkt. 39, p. 5, ¶ 18) Plaintiffs also pled that Wexford is under contract or otherwise obligated to provide medical care to incarcerated inmates for the State of Indiana beginning and since April 1, 2017. (*Id.*, ¶ 20) Plaintiffs sued Wexford, inter alia, for the "creation and implementation of policies that have directly inflicted harm and demonstrated deliberate indifference to Plaintiffs' disability, disease, and serious medical needs; and sue Defendants for their deliberate indifference to Plaintiffs' disability, disease, and serious medical needs, in violation of the Eighth and Fourteenth Amendments to the United States Constitution, the ADA and the Rehabilitation Act." (*Id.*, ¶ 22)

The FAC asserts that Plaintiffs face an increased likelihood of cirrhosis of the liver, liver cancer, liver transplant, and death each day Wexford, inter alia, fails to treat their HCV pursuant to the standard of care. (*Id.*, p. 8, ¶ 31) Wexford has and had actual knowledge of Plaintiffs' serious medical needs and of the standard of care treatment. (*Id.*, p. 9, ¶ 40) Nonetheless, Wexford (and other Defendants) "willfully delayed, denied, and

deliberately and indifferently interfered with Plaintiffs' HCV treatment for non-medical reasons, contrary to the standard of care, by withholding HCV treatment; and by permitting HCV-infected persons to remain infectious to others." (Dkt. 39, p. 10, ¶ 42)

Wexford's refusal to treat Plaintiffs pursuant to the standard of care "prolongs and increases the harm" caused by HCV. (*Id.*, ¶ 45) Wexford has created and implemented policies that discriminate against Plaintiffs on the basis of their disability. (*Id.*, ¶ 46) HCV is a "disability and physical impairment that can and does substantially affect the major life activities of digestive systems, circulatory systems, and life itself, of which Defendants were aware." (*Id.*, p. 17, ¶ 82; *and see* p. 19, ¶ 95) Plaintiffs are qualified individuals with a disability, for the purposes of the ADA. (*Id.*, p. 17, ¶ 82; p. 19, ¶ 94)

Plaintiffs pled that Wexford and other Defendants could have reasonably accommodated their disabilities, so Plaintiffs would not be excluded from participation in, or denied the benefits of, the federally funded services, programs, or activities of the State of Indiana's Department of Corrections ("DOC"). (*Id.*, p. 17, ¶ 86; p. 19, ¶ 94) Wexford and other Defendants discriminate against Plaintiffs by withholding medically appropriate treatment that will cure them of HCV and thus their disability, while Defendants do not withhold life-saving treatments from individuals with different disabilities. (*Id.*, p. 18, ¶ 88; p. 19, ¶ 94; *and see* 42 U.S.C. § 12132 and 29 U.S.C. § 794(a))

Plaintiffs also alleged that Wexford wrongfully discriminates against them on the basis of their disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" that Wexford provides to other inmates incarcerated by the DOC. (*Id.*, pp. 19-20, ¶ 99; *and see* 42 U.S.C. § 12182(a))

3

### III. ARGUMENT

#### A. Standard of Review

Motions made pursuant to Fed. R. Civ. P. 12(b)(6) challenge only the sufficiency of a complaint, and not the merits of the lawsuit. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendants must be given "fair notice of what the… claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

The complaint must be construed in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal citations omitted). The complaint must state enough facts to amount to "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570 (2007). Claims are plausible on their face when sufficient factual content is pleaded that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim need not be probable, but only plausible: "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Independent Trust v. Stewart Information Services*, 665 F.3d 930, 935 (7th Cir. 2012), citing *Twombly*, 550 U.S. at 556.

#### B. Wexford misstates the ADA claim made in Count IV.

Wexford misstates the ADA claim made in Count IV of the First Amended Complaint. Plaintiffs have clearly claimed that Wexford violated and violates Title III of

4

the ADA. (Dkt. 39, p. 19 and p. 20, ¶ 101) Wexford, however, argues against a claim Plaintiffs did not make: it says it cannot be held liable under Title *II* of the ADA, because "it is not a public entity [and] does not accept federal funds..." (Dkt. 77-1, p. 3) Even if applied to the Title III claim, this argument is incorrect for two reasons.

First, Title II claims may only be made against public entities, and Plaintiffs here have done so. (Dkt. 39, p. 17, ¶ 83; *and see* 42 U.S.C. § 12131(1)(A), (B)) Plaintiffs only brought their Title II claim against the State Defendants, in their official capacities. (Count III of the FAC, Dkt. 39, p. 17-18) But Title III claims do not have to be made against only public entities: instead, Title III prohibits "discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates a place of public accommodation.*" 42 U.S.C. § 12182.

Private entities, such as Wexford, are appropriate defendants if they operate public accommodations. 42 U.S.C. § 12181(7). A private entity operates public accommodations when, inter alia, "the operation of such entities affect commerce— ...(F)... a professional office of a health care provider, hospital, or other service establishment." 42 U.S.C. § 12181(7)(F); *and see Olinger v. US Golf Ass'n*, 205 F.3d 1001, 1004 (7th Cir. 2000); *and Hernandez v. County of Monterey*, 70 F. Supp. 3d 963, 972-73 (N.D. Cal. 2014). Wexford, as an operating health care provider, is thus an appropriate defendant under Title III of the ADA.

Second, assuming arguendo that the receipt of federal funds is required for Title III liability to attach (which Wexford does not argue, and Plaintiffs do not concede), or for the Rehabilitation Act to apply (29 U.S.C. § 794(a)), the Plaintiffs clearly alleged that Wexford receives federal funds. (Dkt. 39, p. 5, ¶ 18: "Wexford… … is a recipient of

5

federal funds.") To the extent this issue is material to Count IV of the FAC, the allegation was made, and Wexford is an appropriate defendant.

## C. The First Amended Complaint's allegations are sufficiently specific to give fair notice of Plaintiffs' claims and their grounds.

The First Amended Complaint's allegations are sufficiently specific to give fair notice of Plaintiffs' claims and their grounds. Though Wexford claims the contrary, and argues that "this is [instead] a case about medical treatment" (dkt. 77-1, p. 5), the FAC gives fair notice of the Plaintiffs' claims of discrimination in addition to their Eighth Amendment claims.

Here, the FAC specifically claims Wexford created and implemented policies that have directly harmed Plaintiffs (dkt. 39, p. 5, ¶ 22); that those policies – including not treating Plaintiffs pursuant to the standard of care, and withholding medical treatment – discriminate against Plaintiffs on the basis of their disability (*id.*, p. 10, ¶ 46); that Wexford effectively excluded them from participation in, or denied them benefits of, the federally funded services, programs, or activities of the DOC (*id.*, p. 17, ¶ 86; p. 19, ¶ 94); that Wexford discriminates against them by withholding medically appropriate treatment that will cure them of HCV and thus their disability, while not withholding life-saving treatments from individuals with different disabilities (*id.*, p. 18, ¶ 88; p. 19, ¶ 94); and that Wexford wrongfully discriminates against them on the basis of their disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" that Wexford provides to other inmates incarcerated by the DOC. (*Id.*, pp. 19-20, ¶ 99) These allegations give Wexford fair notice of Plaintiffs' Count IV claims of discrimination, and the grounds upon which they rest. *Twombly*, 550 U.S. at 555.

6

The case upon Wexford relies, *Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1996), is inapposite. The plaintiff in *Bryant*, an Illinois state prisoner, failed to make out a claim under the ADA because, primarily, he failed to allege any discrimination: instead, "[h]is complaint was that he was not given special accommodation." *Bryant*, 84 F.3d at 249. Here, however, Plaintiffs have plainly alleged wrongful discrimination (dkt. 39, p. 18, ¶ 88). Wexford is on fair notice, accordingly, of the plausible claims it violates Title III of the ADA and the Rehabilitation Act by discriminating against Plaintiffs (and others with HCV); and/or excluding them from activities, services or programs of the DOC. 42 U.S.C. § 12132.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs, Michael Ray Stafford, Charles Smith and Douglas Smith, by counsel, respectfully request the Court deny Wexford's *Motion to Dismiss Count IV of Plaintiffs' First Amended Class Action Complaint*, and grant them all other appropriate relief in the premises to which the Court deems them entitled.

Respectfully submitted,

SNIDERMAN NGUYEN LLP


*s/ Mark W. Sniderman*
Mark W. Sniderman
47 S. Meridian St., Ste. 400
Indianapolis, IN 46204
(317) 361-4700 T
(317) 464-5111 F
mark@snlawyers.com

*Attorney for Plaintiffs*

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of Plaintiffs' *Response to Defendant's, Wexford of Indiana, LLC, Motion to Dismiss Count IV*, was filed electronically on this 6th day of July 2017. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system. Parties and counsel may access this filing through the Court's System.

Benjamin M. L. Jones
Jonathan P. Nagy
OFFICE OF THE ATTORNEY GENERAL
Indiana Government Center South
302 West Washington Street, Fifth Floor
Indianapolis, IN 46204
bejamin.jones@atg.in.gov
jonathan.nagy@atg.in.gov

Douglas R. Bitner
CASSIDAY SCHADE LLP
111 N. 6th Street, Suite 200
Springfield, IL 62701
dbitner@cassiday.com

Jessica L. Liss
Carrie L. Kinsella
JACKSON LEWIS P.C.
7733 Forsyth Blvd., Suite 600
St. Louis, MO 63105
Jessica.Liss@jacksonlewis.com
Carrie.Kinsella@jacksonlewis.com

Scott James Preston
Melissa K. Taft
JACKSON LEWIS P.C.
10 West Market Street, Suite 2400
Indianapolis, IN 46204
Scott.Preston@jacksonlewis.com
Melissa.Taft@jacksonlewis.com

William R. Lunsford
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street
Huntsville, AL 35801
blunsford@maynardcooper.com

*s/ Mark W. Sniderman*
Mark W. Sniderman

SNIDERMAN NGUYEN LLP
47 S. Meridian Street, Suite 400
Indianapolis, IN 46204
(317) 361-4700 T
(317) 464-5111 F

8