UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL RAY STAFFORD, | ) | |
| CHARLES  SMITH, and | ) | |
| DOUGLAS  SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:17-cv-00289-JMS-MJD |
| | ) | |
| vs. | ) | |
| | ) | |
| WEXFORD OF INDIANA, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs Michael Ray Stafford, Charles Smith, and Douglas Smith filed this Amended

Complaint ("Complaint") alleging that Wexford of Indiana, LLC ("Wexford") violated their rights

under the Eighth Amendment via 42 U.S.C. § 1983, Title III of the Americans with Disabilities

Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), and the Rehabilitation Act of 1973, as amended, 29

U.S.C. § 791 *et seq.* ("Rehabilitation Act").  [Filing No. 39.]  Wexford has filed a Motion to

Dismiss Plaintiffs' ADA and Rehabilitation Act claims [Filing No. 77], and the motion is now ripe

for the Court's decision.

## I.
### LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(quoting Fed. R. Civ. Pro. 8(a)(2)).  "Specific facts are not necessary, the statement need only 'give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson*,

551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### RELEVANT BACKGROUND

The following background is set forth pursuant to the applicable standards, accepting all well-pled factual allegations against Wexford from Plaintiffs' Complaint as true. Stafford is an inmate of the Indiana Department of Corrections ("IDOC") who was informed that he tested positive for the Hepatitis C virus ("HCV") following an altercation with another inmate who infected him with HCV-positive blood products. [Filing No. 39 at 3.] Charles Smith is an inmate of IDOC who was informed by IDOC personnel that he was HCV-positive when he was incarcerated at an IDOC facility. [Filing No. 39 at 3.] Douglas Smith is also an inmate of IDOC who was informed by IDOC that he was HCV-positive. [Filing No. 39 at 3.]

Wexford is a for-profit company doing business in the State of Indiana that receives federal funds. [Filing No. 39 at 5.] Wexford is under contract to provide medical care to incarcerated inmates for the State of Indiana. [Filing No. 39 at 5.] Plaintiffs alleged that Wexford created and

implemented "policies that have directly inflicted harm and demonstrated deliberate indifference to Plaintiffs' disability, disease, and serious medical needs." [Filing No. 39 at 5.] This alleged treatment led Plaintiffs to "sue Defendants for their deliberate indifference to Plaintiffs' disability, disease, and serious medical needs, in violation of the Eighth and Fourteenth Amendments to the United States Constitution, the ADA and the Rehabilitation Act." [Filing No. 39 at 5.]

Plaintiffs allege that HCV is a "disability and physical impairment that can and does substantially affect the major life activities of digestive systems, circulatory systems, and life itself, of which Defendants were aware," and that they are qualified individuals with a disability for purposes of the ADA. [Filing No. 39 at 17.] They assert that Wexford created and implemented policies that discriminate against Plaintiffs on the basis of their disability. [Filing No. 39 at 10.]

Plaintiffs allege that, due to Wexford's failure to treat Plaintiffs' HCV pursuant to the standard of care, they are exposed to an increased likelihood of cirrhosis of the liver, liver cancer, and death. [Filing No. 39 at 8.] They further allege that Wexford has actual knowledge of Plaintiffs' serious medical needs and the standard of care for treating said needs. [Filing No. 39 at 9.] Plaintiffs claim that, despite this knowledge, Wexford "willfully delayed, denied, and deliberately and indifferently interfered with Plaintiffs' HCV treatment for non-medical reasons, contrary to the standard of care, by withholding HCV treatment; and by permitting HCV-infected persons to remain infectious to others." [Filing No. 39 at 10.]

Plaintiffs claim that Wexford could have reasonably accommodated their disabilities by treating them in accordance with the standard of care, so as not to exclude them from participation in, or deny them the benefits of, federally funded services, programs, or activities of IDOC. [Filing No. 39 at 17.] Additionally, Plaintiffs allege that Wexford discriminates against them by withholding medically appropriate treatment capable of curing HCV and thus their disability,

while Defendants do not withhold life-saving treatments from individuals with different disabilities. [Filing No. 39 at 18.] They allege that this has resulted in Wexford wrongfully discriminating against them on the basis of their disability and precludes them from receiving the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" that Wexford provides to other inmates at IDOC. [Filing No. 39 at 19-20.]

Plaintiffs have alleged that Wexford violated their rights under the Eighth Amendment, the ADA, and the Rehabilitation Act.[1] Wexford moves to dismiss Plaintiff's claims against it under the ADA and the Rehabilitation Act only.

### III.
### DISCUSSION

Wexford first argues that it cannot be subject to suit under either the ADA or the Rehabilitation Act because it is not a public entity.[2] Wexford cites to Title II of the ADA for the proposition that Title II "prohibits discrimination by public entities, such as state and local governments." [Filing No. 77-1 at 3.] Plaintiffs concede this legal principle but rightfully point out that their Title II claim does not name Wexford and only names state and local government

---

[1] In addition to the claims brought against Wexford, Plaintiffs have asserted a claim under the Eighth Amendment against both Corizon Health, Inc. and Corizon, LLC (collectively "Corizon"), as well as Dr. Michael Mitcheff, Nurse Monica Gipson, Dr. Paul Talbot, Dr. Michael Person, and Dr. Houman Kiani, in their individual capacities. [Filing No. 39 at 12-15.] Plaintiffs also assert claims under the Eighth Amendment, the ADA, and the Rehabilitation Act against Robert E. Carter, Jr., appointed Commissioner of IDOC, Dr. Mitcheff, and Nurse Gipson in their official capacities. [Filing No. 39 at 15-18.]

[2] Wexford also makes the claim that "Plaintiff's [sic] allegations under the Rehabilitation Act also should be dismissed, as Wexford does not receive federal funds, which is a requirement for liability." [Filing No. 77-1 at 5.] The Court rejects this argument as the Complaint clearly alleges that Wexford receives federal funds, and the allegation must be accepted as true for purposes of this motion. [Filing No. 39 at 5.] ("Wexford …is a recipient of federal funds.").

officials in their official capacities. *See* [Filing No. 77-1 at 17-18.] Thus, Wexford's argument with respect to Title II of the Complaint is inapplicable.

Title III, on the other hand, allows ADA claims against private entities and prohibits "discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A private entity is considered to offer public accommodations "if the operations of such entities affect commerce--…professional office of a health care provider, hospital, or other service establishment[.]" 42 U.S.C. § 12181(7)(F). Plaintiffs have alleged that Wexford is under contract to "provide medical care to incarcerated inmates," and therefore qualifies as a health care provider. [Filing No. 39 at 5.] Accordingly, they have adequately alleged that Wexford is a private entity that offers public accommodations.

Finally, Wexford claims that Plaintiffs' Complaint lacks specificity with respect to the services, programs, or activities that Plaintiffs are being denied on account of their disability. [Filing No. 77-1 at 5.] Wexford claims that this lack of specificity demonstrates that this is an attempt to use the ADA and Rehabilitation Act as a remedy for medical malpractice. [Filing No. 77-1 at 5.] Wexford states that incarceration itself is not an "activity" or "program" within the meaning of the ADA or Rehabilitation Act and therefore Plaintiffs' claims must fail. [Filing No. 77-1 at 5 (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996))]. Plaintiffs respond that their discrimination claim is sufficiently specific and is premised on Wexford's policies of: (1) not treating Plaintiffs pursuant to the applicable standard of care; and (2) withholding medical treatment from Plaintiffs due to their disability. [Filing No. 87 at 6.]

Contrary to Wexford's assertion, the Complaint specifically pleads that Wexford "with[held] medically appropriate treatment that will cure them of HVC, and thus their disability." [Filing No. 39 at 18.]  It is true, however, that a plaintiff's challenge of the quality of care is not a cognizable action under the ADA.  *See Bryant*, 84 F.3d at 249 (explaining that "it would be extremely odd to suppose that disabled persons whose disability is treated negligently have a federal malpractice claim by virtue of the [ADA]").  The ADA is not applicable to complaints relating to the quality of care received, for those complaints may be addressed under a medical malpractice or Eighth Amendment claim.  But Plaintiffs do not complaint about the quality of care administered by Wexford; rather, they assert that Wexford has refused to treat Plaintiffs' disabilities, which is actionable under the ADA.  *See Nesbitt v. Williams*, No. 13 C 9241, 2017 WL 1079240, at *3 (N.D. Ill. Mar. 21, 2017) (finding that although complaints regarding the quality of medical service are not actionable under the ADA, failure to provide a plaintiff "means of access to medical services that a doctor has already determined he needs[,]" is a cognizable claim under the ADA). The Supreme Court has held that medical services, for purposes of the ADA, are in fact "services" for which a plaintiff may bring a claim under the ADA.  *See United States v. Georgia*, 546 U.S. 151, 157 (2006) ("it is quite plausible that the alleged deliberate refusal of prison officials to accommodate [an inmate's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted 'exclusion from participation in or … denial of the benefits of' the prison's 'services, programs, or activities.'" (quoting 42 U.S.C. § 12132)).  Because Plaintiffs contend that Wexford refused them access to medically appropriate services as required by the ADA, they have adequately alleged a claim under the ADA.

## IV.
### CONCLUSION

For the reasons stated herein, the Court **DENIES** Wexford's Motion to Dismiss. [Filing No. 77.]

Date: 10/10/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**