IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL RAY STAFFORD, CHARLES SMITH and DOUGLAS SMITH, individually, and on behalf of those similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:17-cv-289-JMS-MJD ) |
| ROBERT E. CARTER, JR., et al., | ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' FINAL WITNESS AND EXHIBIT LISTS

Plaintiffs, Michael Ray Stafford, Charles Smith and Douglas Smith, by counsel, pursuant to order of this Court (dkt. 119), hereby file their *Final Witness and Exhibit Lists*.

### I.      Witnesses

Plaintiffs reserve their rights to call the following witnesses at the trial of this matter:

**1.      Plaintiff Michael Ray Stafford**

Mr. Stafford is expected to testify to his medical history, including his history of chronic HCV; his requests and desire to be treated pursuant to the standard care and cured of HCV; the manners in which he has been injured by Defendants' refusal to treat him accordingly.  Plaintiff has been interviewed by the undersigned counsel, answered written discovery requests, and is scheduled to be deposed by counsel for Defendants. Plaintiff is also expected to testify in accordance with his discovery responses and deposition testimony.

**2.      Plaintiff Charles Smith**

Mr. Smith is expected to testify to his medical history, including his history of chronic HCV; his requests and desire to be treated pursuant to the standard care and cured of HCV; the manners in which he has been injured by Defendants' refusal to treat him accordingly.  Plaintiff has been interviewed by the undersigned counsel, answered written discovery requests, and is scheduled to be deposed by counsel for Defendants. Plaintiff is also expected to testify in accordance with his discovery responses and deposition testimony.

### 3. **Plaintiff Douglas Smith**

Mr. Smith is expected to testify to his medical history, including his history of chronic HCV; his requests and desire to be treated pursuant to the standard care and cured of HCV; and the manners in which he has been injured by Defendants' refusal to treat him accordingly. Plaintiff has been interviewed by the undersigned counsel, answered written discovery requests, and is scheduled to be deposed by counsel for Defendants. Plaintiff is also expected to testify in accordance with his discovery responses and deposition testimony.

### 4. **Defendant Robert E. Carter, Jr**., a successor commissioner and/or a corporate representative of the Indiana Department of Correction ("DOC").

Such witness is expected to testify to DOC policies regarding medical care generally; contracts and contracting process with medical providers; expectations for medical providers; the standard of care due to inmates incarcerated by the DOC; the manner in which the DOC makes or made decisions regarding medical care for inmates; and his/her power regarding any final decisions of the DOC. Plaintiffs have served and received discovery requests to Commissioner Carter, and requested dates for his deposition. Plaintiffs expect this witness to testify consistently with his discovery responses and deposition testimony.

### 5. **Defendant Michael Mitcheff, M.D.**, and/or successor chief medical officer of the IDOC.

Such witness is expected to testify to the standard of care for treatment of chronic HCV; treatment of HCV with direct-acting anti-viral medication ("DAAs"); the actual treatment for DOC inmates with chronic HCV; DOC policies with respect to HCV; the reasons why DOC inmates do not receive the standard of care treatment for HCV; his personal role with respect to DOC policies and contracts regarding HCV; DOC policies regarding medical care generally; contracts and contracting process with medical providers; expectations for medical providers; the manner by which the DOC makes decisions regarding medical care for inmates; and his/her power regarding any final decisions of the DOC. Plaintiffs have served and received discovery requests to Dr. Mitcheff, and requested dates for his deposition. Plaintiffs expect this witness to testify consistently with his discovery responses and deposition testimony, and any expert report he/she may serve in this matter.

### 6. **Defendant Monica Gipson, R.N.**, and/or successor Director of Health Services for the DOC.

Such witness is expected to testify to the standard of care for treatment of chronic HCV; the actual treatment for DOC inmates with chronic HCV; treatment with DAAs; DOC policies with respect to HCV; the reasons why DOC inmates do not receive the standard of care treatment for HV; DOC policies regarding medical care generally; contracts and contracting process with medical providers; expectations for medical

providers; the manner by which the DOC makes decisions regarding medical care for inmates; and his/her power regarding any final decisions of the DOC. Plaintiffs have served and received discovery requests to Nurse Gipson, and requested dates for her deposition. Plaintiffs expect this witness to testify consistently with her discovery responses and deposition testimony, and any expert report she/he may serve in this matter.

### 7. Defendant Paul Talbot, M.D.

Plaintiffs expect Dr. Talbot to testify to his diagnoses and treatment of Plaintiffs' HCV and other inmates with HCV. Dr. Talbot is also anticipated to testify to the management of HCV in the DOC generally, both while working with and for Corizon, LLC, and Wexford of Indiana, LLC, including directives received from any other Defendant or third party. Dr. Talbot will testify to the standard of care due to patients with HCV, including when he believes DAAs ought to be administered. Dr. Talbot can testify to the policies by which he abides and uses with respect to the treatment of DOC inmates with HCV. Plaintiffs are serving discovery requests to Dr. Talbot, and have requested dates for his deposition. Plaintiffs expect this witness to testify consistently with his discovery responses and deposition testimony, and any expert report he may serve in this matter.

### 8. Defendant Michael Person, M.D.

Plaintiffs expect Dr. Person to testify to his diagnoses and treatment of Plaintiffs' HCV and other inmates with HCV. Dr. Person is also anticipated to testify to the management of HCV in the DOC generally, both while working with and for Corizon, LLC, or any other entity.  including directives received from any other Defendant or third party. Dr. Person will testify to the standard of care due to patients with HCV, including when he believes DAAs ought to be administered. Dr. Person can also testify to the policies by which he abided and used with respect to the treatment of DOC inmates with HCV. Plaintiffs are serving discovery requests to Dr. Person, and have requested dates for his deposition. Plaintiffs expect this witness to testify consistently with his discovery responses and deposition testimony, and any expert report he may serve in this matter.

### 9. Defendant Houman Kiani, M.D.

Plaintiffs expect Dr. Kiani to testify to his diagnoses and treatment of Plaintiffs' HCV and other inmates with HCV. Dr. Kiana is also anticipated to testify to the management of HCV in the DOC generally, both while working with and for Corizon, LLC, or any other entity.  including directives received from any other Defendant or third party. Dr. Kiani will testify to the standard of care due to patients with HCV, including when he believes DAAs ought to be administered. Dr. Kiani can also testify to the policies by which he abided and used with respect to the treatment of DOC inmates with HCV. Plaintiffs are serving discovery requests to Dr. Kiani, and have requested dates for his deposition. Plaintiffs expect this witness to testify consistently with his

discovery responses and deposition testimony, and any expert report he may serve in this matter.

### 10.     Dr. Raj Vuppalanchi, MBBS

Dr. Vuppalanchi is expected to testify consistently with his expert report and his Declaration filed in support of Plaintiffs' Memorandum in Support of Motion for Class Certification.  Dr. Vuppalanchi will testify regarding HCV generally, including its effects and nature of transmission.  He will also testify to the standard of care for HCV and its evolution, and how the treatment of Plaintiffs and those similarly situated is inconsistent with the standard of care.  Dr. Vuppalanchi will testify to how and why DAAs became the standard of care, and to the public health benefits of treating with DAAs, including the benefits of treating prisoners with HCV.  Dr. Vuppalanchi is also expected to testify consistently with his deposition testimony.

### 11.     Dr. Suthat Liangpunsakul, M.D., M.P.H.

Dr. Liangpunsakul is expected to testify consistently with his expert report, and the general nature of and treatment for HCV.  Dr. Liangpunsakul will testify to the reasons that HCV is a major public health problem; the damage caused by HCV, including morbidity, injury and costs; the future of HCV care and treatment, the standard of care for HCV treatment; the practice and experience of the United States Department of Veterans Affairs in treating patients infected with HCV; and the benefits of treating HCV-positive inmates pursuant to the standard of care.  He will also testify to the standard of care for HCV and its evolution, how and why DAAs became the standard of care, and how the treatment of Plaintiffs and those similarly situated is inconsistent with the standard of care.  Dr. Liangpunsakul is also expected to testify consistently with his deposition testimony.

### 12.     Defendant Corizon, LLC, through a corporate representative.

This witness is expected to testify to the contractual relationship(s) between Corizon, LLC, and the DOC, and/or any other Defendants; the treatment of HCV in DOC and other facilities; the standard of care for treatment of HCV; and all reasons why it did not administer DAAs to Plaintiffs and/or others similarly situated.  Plaintiffs have served and received discovery requests to Corizon, LLC, and expect this witness to testify consistently with its responses.

### 13.     Defendant Wexford of Indiana, LLC, through a corporate representative.

This witness is expected to testify to the contractual relationship(s) between Wexford of Indiana, LLC, and the DOC, and/or any other Defendants; the treatment of HCV in DOC and other facilities; the standard of care for HCV; and all reasons why it has not not administered DAAs to Plaintiffs and/or others similarly situated.  Plaintiffs have served and received discovery requests to Wexford of Indiana, LLC, and expect this witness to testify consistently with its responses.

4

### 14. Neil Fisher, M.D.

This witness is expected to testify consistently with the affidavit he executed that was filed in support of Wexford of Indiana, LLC's Response to Plaintiffs' Motion for Class Certification. (Dkt. 113-1) He is also expected to testify consistently with his deposition testimony; the standard of care for treatment of HCV; Corizon's contractual relationships with co-Defendants and the DOC; and practices and procedures of Wexford of Indiana, LLC, generally.

### 15. Dina Paul, M.D.

Dr. Paul is expected to testify consistently with her deposition testimony; the standard of care for treatment of HCV; Corizon's contractual relationships with co-Defendants and the DOC; and practices and procedures of Wexford of Indiana, LLC, generally.

### 16. Craig Hutchinson, M.D., Johnathan Grimes, R.N., Carmen Schilling, Carl Kuenzli, M.D, and Richard Hinchman, M.D.

One or more of these witnesses may be called to testify to their personal roles, and the role of the Hepatitis C Coordinating Committee, in the provision, denial and/or management of care for DOC inmates. These witnesses are expected to testify to the procedures and factors relevant to the Committee's actions or omissions, including its determinations or lack thereof made with respect to DAAs, the standard of care for HCV, and the manner by which certain inmates are selected to be treated with DAAs.

### 17. William Carr

This witness is expected to testify as to the contract and course of dealing between Corizon, LLC and the DOC, including any contractual provisions relating to the treatment of HCV and/or DAAs.

### 18. Yet-to-be-identified expert witnesses of the parties.

Defendants have yet to serve their Expert Disclosures and expert reports. Plaintiffs anticipate such witnesses will testify consistently with their expert reports, their answers to discovery requests, and their deposition testimony.

### 19. All witnesses listed on any party's Final Witness and Exhibit List.

20. Plaintiffs also reserve the right to call any yet-to-be-identified health care providers who have rendered, or will render care to Plaintiffs or who witnessed such care,

and/or any medical events; and/or policymakers, who may testify to any such care and/or events; any individual later identified who may support or rebut any claim or defense, or who may be offered for the purposes of impeachment; any later disclosed or discovered witness; and any keeper of records required to establish the authenticity or any foundational requirement for the admissibility of any document.

## II.     **Exhibits**

Plaintiffs reserve the right to offer all evidence and refer to any of the following exhibits at the trial of this matter.

1.      "Hepatitis C Guidance: AASLD-IDSA Recommendations for Testing, Managing, and Treating Adults Infected with Hepatitis C Virus," which was attached as an exhibit to Plaintiffs' *First Amended Complaint for Declaratory and Injunctive Relief* (dkt. no. 39-1).

2.      Updated and historical guidelines from the AASLD-IDSA, available at https://www.hcvguidelines.org.

3.      Plaintiffs' medical records.

4.      Plaintiffs' grievance, response and appeal records and correspondence.

5.      Plaintiffs' DOC packets.

6.      DOC Health Care Services Directive HCSD-3.12, November 15, 2011.

7.      Management of Hepatitis A, B and C, DOC Health Services Division, November 15, 2011.

8.      DOC Health Care Services Directive HCSD-3.09, June 1, 2015.

9.      "Evaluation and Management of Chronic Hepatitis C Virus (HCV) Infection," FBOP Clinical Guidance, May 2017.

10. Corizon statement on Hepatitis C treatment plan and Coordinating Committee.

11. Annual reports of the DOC.

12. Materials from the files and/or reports of Defendants' yet-to-be-disclosed expert witnesses.

13. "Chronic Hepatitis C Virus (HCV) Infection: Treatment Considerations from the Department of Veterans Affairs National Hepatitis C Resource Center Program and the Office of Public Health," March 27, 2014.

14. Curriculum vitae and expert reports of Dr. Vuppalanchi, Dr. Liangpunsakul, and all other expert witnesses disclosed in this matter.

15. "Hepatitis C Interview with Rose Vaisvila," January 18, 2013

16. "Testing and Treating Prisoners for Hepatitis C," Frederick Altice, M.D., July 2017.

17. "The 25th Anniversary of the Discovery of the Hepatitis C Virus – Looking Back to Look Forward," CDC Public Health Grand Rounds, June 17, 2014.

18. "Curing Hepatitis C – The Arc of a Medical Triumph," Chung, M.D., and Baumert, M.D., New England Journal of Medicine, April 24, 2014.

19. "Guidance for Industry - Chronic Hepatitis C Virus Infection: Developing Direct-Acting Antiviral Drugs for Treatment," Draft Guidance, U.S. Dept. of Health and Human Services, October 2013.

20. "AASLD, IDSA & IAS-USA Announce New Hepatitis C Treatment Guidelines," Liz Highleyman, January 29, 2014.

21. "When and in Whom to Initiate HCV Therapy," AASLD-IDSA, June 28, 2015, and subsequent updates.

22. "Hepatitis Resource Directory for Medical Caregivers," Indiana State Department of Health, 2015.

23. "Survey of the Status of Inmate Health in the State Prison System," Indiana Legislative Services Agency, 2007 and any subsequent updates.

24. "A Tale of Two Epidemics — HCV Treatment among Native Americans and Veterans," Brigg Reilley, M.P.H., and Jessica Leston, M.P.H., New England Journal of Medicine, August 31, 2017.

25. Medical literature, articles and studies cited by Plaintiffs' expert witnesses in their expert reports and Declaration.

26. DOC Administrative Policies and Procedures, including, but not limited to:

   a. Policy and Administrative Procedure 00-02-301: Offender Grievance Process.

   b. Policy and Administrative Procedure 01-02-101: The Development and Delivery of Health Care Services; and

27. Federal Bureau of Prisons Guidelines for the Evaluations and Management of Chronic Hepatitis C.

28. Contracts between the Indiana Department of Correction and Wexford of Indiana, LLC.

29. Contracts between the Indiana Department of Correction and Corizon, LLC.  Contracts made between any current co-Defendant to this action.

30. Pricing for DAAs, and all correspondence made or received by any party regarding DAA pricing.

31. Depositions, exhibits, affidavits, statements, discovery, documents, motions, briefs, or responses made or ratified by any party or witness, and/or any other document or assertion that was taken, filed, made, served, mailed, or having any connection to this action.

32. Emails and correspondence relating to the provision of care to Plaintiffs, the acquisition or cost of DAAs, and/or the management of HCV.

33. Any admissible exhibit listed on any party's final exhibits list, preliminary exhibits list, or initial disclosures.

34. Any and all admissible exhibits identified in the disclosures made pursuant to FED. R. CIV. P. 26, and the Preliminary and Final Witnesses and Exhibits Lists of any party in this action.

35. Any admissible portion of any relevant insurance agreement;

36. Any document or writing used to impeach or rebut any witness, including, but not limited to, written statements of any person called as a witness by any party relating to this lawsuit.

37. Any and all other exhibits which may come to the attention of Plaintiffs subsequent to the filing of this list and prior to the trial herein.

Plaintiffs specifically reserve the right to introduce exhibits subsequently discovered or disclosed by any party, non-party or witness; any exhibits produced by subpoena or other requests to third parties; exhibits as may be necessary after considering the Defendant's evidence at trial, and to seek leave of Court to introduce additional exhibits.

Respectfully submitted,

*s/ Mark W. Sniderman*
Mark W. Sniderman
SNIDERMAN NGUYEN LLP

Robert A. Katz
Professor of Law, Indiana University
ROBERT H. MCKINNEY SCHOOL OF
LAW

*Attorneys for Plaintiffs Michael Ray Stafford, Charles Smith and Douglas Smith*

10

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing *Plaintiffs' Final Witness and Exhibit Lists* was electronically filed on this 22nd day of December 2017. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system. Parties and counsel may access this filing through the Court's system.

Benjamin M. L. Jones
Jonathan P. Nagy
Aleksandrina Penkova Pratt
OFFICE OF THE ATTORNEY GENERAL
Indiana Government Center South
302 West Washington Street, Fifth Floor
Indianapolis, IN 46204
bejamin.jones@atg.in.gov
jonathan.nagy@atg.in.gov
aleksandrina.pratt@atg.in.gov

Douglas R. Bitner
Jarrod Alvin Malone
KATZ KORIN CUNNINGHAM
334 N. Senate Ave.
Indianapolis, IN 46204
dbitner@kkclegal.com
jmalone@kkclegal.com

William R. Lunsford
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street
Huntsville, AL 35801
blunsford@maynardcooper.com

Jessica L. Liss
Carrie L. Kinsella
JACKSON LEWIS P.C.
7733 Forsyth Blvd., Suite 600
St. Louis, MO 63105
Jessica.Liss@jacksonlewis.com
Carrie.Kinsella@jacksonlewis.com

Scott James Preston
Melissa K. Taft
JACKSON LEWIS P.C.
10 West Market Street, Suite 2400
Indianapolis, IN 46204
Scott.Preston@jacksonlewis.com
Melissa.Taft@jacksonlewis.com

*s/ Mark W. Sniderman*
Mark W. Sniderman

SNIDERMAN NGUYEN LLP
47 S. Meridian Street, Suite 307
Indianapolis, IN 46204
(317) 361-4700 Tel
(317) 516-6626 Fx