UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL RAY STAFFORD, <br> CHARLES SMITH, <br> DOUGLAS SMITH, <br>     Plaintiffs, <br><br>     v. <br><br> ROBERT E. CARTER, JR., <br> MICHAEL MITCHEFF, M.D., <br> MONICA GIPSON, R.N., <br> WEXFORD OF INDIANA, LLC, <br>     Defendants. | No. 1:17-cv-00289-JMS-MJD |

# ORDER

This matter concerns a class action lawsuit brought by inmates of Indiana Department of Corrections ("IDOC") facilities regarding the provision of medical care to treat the chronic Hepatitis C virus ("HCV"). Presently pending before the Court is a Motion for Approval of a Proposed Settlement Agreement between several Defendants and the certified class and named Plaintiffs. [Filing No. 158.] For the reasons described below, the Court **DENIES** that Motion.

## I.
### BACKGROUND

This case arises out of a challenge to policies regarding the treatment of individuals who are incarcerated in IDOC facilities and who suffer from chronic HCV. Plaintiffs Michael Ray Stafford, Charles Smith, and Douglas Smith ("Plaintiffs") raise injunctive relief claims on behalf of themselves and similarly situated individuals that policies maintained and implemented by the Defendants in this action have resulted in the improper denial of treatment to incarcerated individuals who are infected with chronic HCV. The named Plaintiffs have also raised personal injury claims seeking monetary damages.

On or about January 23, 2018, the Plaintiff class and the individual Plaintiffs entered into a conditional Settlement Agreement ("Agreement") with defendants Paul Talbot and Wexford of Indiana, LLC (collectively "Defendants"). [Filing No. 158 at 2-3.] That Agreement was conditioned upon the granting of Plaintiffs' Motion for Class Certification, which asked the Court to certify a class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2). [Filing No. 99 at 1.] Plaintiffs sought to certify a class regarding only their claims for declaratory and injunctive relief against the state Defendants and Wexford. [Filing No. 99; Filing No. 111.] After conducting the requisite analysis under Rules 23(a) and 23(b)(2), the Court granted Plaintiffs' motion to certify the class, modifying the class definition to include: "All current and future prisoners in IDOC custody who have been diagnosed, or will be diagnosed, with chronic HCV." [Filing No. 154 at 17.] Because the class certification condition in the Settlement Agreement has been met, Defendants now move for preliminary approval of the Agreement. [Filing No. 158.]

## II.
### DISCUSSION

Federal Rule of Civil Procedure 23(e) governs the settlement of claims of a certified class, and it allows the Court to approve a class settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In order to evaluate the fairness of a settlement, the Court must consider "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006). The Seventh Circuit "insist[s] that district courts exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions. In the past, [the Seventh Circuit has] gone so

2

far as to characterize the court's role as akin to the high duty of care that the law requires of fiduciaries." *Synfuel*, 463 F.3d at 652-53 (citing *Reynolds v. Beneficial Nat'l Bank,* 288 F.3d 277, 279 (7th Cir. 2002)).

Here, exercising that duty of vigilance, the Court concludes that the proposed settlement does not meet the standard of being "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The parties stress that the Settlement Agreement is confidential, so the Court avoids reciting in detail its specific provisions. To put it simply, the Agreement is overbroad. For example, it asks members of the class to agree to an extremely wide-ranging release and discharge of claims, including those having nothing to do with the subject matter of this lawsuit. *See* Settlement Agreement Section 1.1. Without further information or assurances regarding the propriety of these releases, the Court cannot conclude that the Agreement is either fair or reasonable. The Settlement Agreement also contains provisions pertaining to the monetary settlement of personal injury claims brought by the named Plaintiffs. These claims are not encompassed within the certified class, and they are not the proper subject matter of a class settlement agreement for which Court approval is required. The scope of the Rule 23 class Settlement Agreement should be confined to the issues raised by that class. Any settlement of other claims can and should be memorialized within a separate agreement.

## III.
### CONCLUSION

For the reasons described above, the Court **DENIES** Defendants' Motion for Preliminary Approval of Class Settlement. [158] The Court requests that the Magistrate Judge confer with the parties at his earliest convenience regarding continued efforts to craft an agreement that satisfies the standards imposed by Fed. R. Civ. P. 23.

Date: 4/23/2018

*Jane Magnus-Stinson* (signature)

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov

Robert A. Katz
INDIANA UNIVERSITY MCKINNEY SCHOOL OF LAW
rokatz@iu.edu

Carrie L. Kinsella
JACKSON LEWIS P.C.
carrie.kinsella@jacksonlewis.com

Jessica L. Liss
JACKSON LEWIS P.C.
jessica.liss@jacksonlewis.com

William R. Lunsford
MAYNARD COOPER & GALE PC
blunsford@maynardcooper.com

Jarrod Alvin Malone
KATZ KORIN CUNNINGHAM, P.C.
jmalone@kkclegal.com

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov

Aleksandrina Penkova Pratt
INDIANA ATTORNEY GENERAL
aleksandrina.pratt@atg.in.gov

Scott James Preston
JACKSON LEWIS PC (Indianapolis)
Scott.Preston@jacksonlewis.com

Mark W. Sniderman
SNIDERMAN NGUYEN LLP
mark@snlawyers.com

Melissa K. Taft
JACKSON LEWIS PC (Indianapolis)
melissa.taft@jacksonlewis.com

Kelly Suzanne Thompson
INDIANA ATTORNEY GENERAL
kelly.thompson@atg.in.gov