IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL RAY STAFFORD,<br>CHARLES SMITH and DOUGLAS SMITH,<br>individually, and on behalf of those<br>similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ROBERT E. CARTER, JR., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:17-cv-289-JMS-MJD<br>)<br>)<br>)<br>) |

## **PLAINTIFFS' WITNESS AND EXHIBIT LISTS FOR REMEDY HEARING**

Plaintiffs, Michael Ray Stafford, Charles Smith and Douglas Smith, individually, and class members, by counsel, hereby file their witness and exhibit lists for the remedy hearing, pursuant to order of this Court. [Filing No. 209, p. 1.]

### I.  Witnesses

Plaintiffs reserve the right to call the following witnesses at the remedy hearing:

1.  Raj Vuppalanchi, MBBS

Dr. Vuppalanchi is expected to testify consistently with his expert report, his deposition testimony, and his declarations filed in support of Plaintiffs' Memorandum in Support of Motion for Class Certification and in support of Plaintiffs' Motion for Summary Judgment. [Filing Nos. 100-1, 166-1, 166-4]. He will also testify to his knowledge, skill, experience, training, and education. Dr. Vuppalanchi will testify regarding Hepatitis C ("HCV") generally, including its effects and nature of transmission. He will also testify to the standard of care for HCV and its evolution, and how the treatment of Plaintiffs is inconsistent with the standard of care. Dr. Vuppalanchi will testify that treatment with DAAs is the standard of care, and to the public health benefits of treating with DAAs, including the benefits of treating prisoners with HCV. He will also testify that here is no medical justification for delaying treatment with DAAs where the use of those drugs is not medically contraindicated, and that delay in treatment results in worse outcomes and higher mortality rates.

2.     Suthat Liangpunsakul, M.D., M.P.H.

Dr. Liangpunsakul is expected to testify consistently with his expert report, his deposition testimony, and his declaration filed in support of Plaintiffs' Motion for Summary Judgment. [Filing No. 166-2.] He will also testify to his knowledge, skill, experience, training, and education, and the nature and treatment of HCV. Dr. Liangpunsakul will testify to the reasons that HCV is a major public health problem; the damage caused by HCV, including morbidity, injury and costs; the future of HCV care and treatment, the standard of care for HCV treatment; the practice and experience of the United States Department of Veterans Affairs in treating patients infected with HCV; and the benefits of treating HCV-positive inmates pursuant to the standard of care. He will also testify to the standard of care for HCV and its evolution, how and why DAAs became the standard of care, and how the treatment of Plaintiffs is inconsistent with the standard of care.

3.     All witnesses listed by Defendants, unless objected to by Plaintiffs.

4.     Plaintiffs also reserve the right to call any keeper of records required to establish the authenticity or any foundational requirement for the admissibility of any document.

Plaintiffs reserve the right to call any individual later identified who may support or rebut any claim or defense; who may be offered for the purposes of impeachment; and any later disclosed or discovered witness.

## II.     Exhibits

Plaintiffs reserve the right to offer all evidence and refer to any of the following exhibits at the trial of this matter:

1.     Depositions, exhibits, affidavits, statements, discovery, documents, motions, briefs, responses made or ratified by any party or witness, and/or any other document or assertion that was taken, filed, made, served, mailed, or having any connection to the facts giving rise to the *First Amended Complaint for Declaratory and Injunctive Relief*.

2.     Defendants' policies, procedures, notices, bulletins and guidance regarding HCV treatment, including IDOC Policy 3.09. [Filing No. 166-6.]

3.     Federal Bureau of Prisons' "Evaluation and Management of Chronic Hepatitis C Virus (HCV) Infection." [Filing No. 173-10.]

4.     Curriculum vitae and expert reports of Dr. Vuppalanchi and Dr. Liangpunsakul. [*See.*, e.g., Filing Nos. 166-1, pp. 2-30; 166-2, pp. 2-46.] CV and reports

for any witness called by Defendants.

     5.     HCV Guidelines published by the American Association for the Study of Liver Diseases ("AASLD") and the Infectious Diseases Society of America ("IDSA"). (Available at www.hcvguidelines.org, and including, but not limited to, Filing Nos. 166-3, 183-1.)

     6.     Settlement documents, court orders, press releases, and media coverage regarding how other states (including, but not limited to, Colorado, Pennsylvania and Massachusetts) have resolved matters similar to the instant action; are treating, or attempting to treat, prisoners with HCV [see, e.g., Filing No. 209-1]; or how the State of Indiana (and/or other states) has resolved a similar action regarding HCV treatment with DAAs in the Medicaid context. [Filing No. 211-1.]

     7.     CMS Letter to State Technical Contacts, November 5, 2015, available at https://www.medicaid.gov/medicaid-chip-program-information/by-topics/prescription-drugs/downloads/rx-releases/state-releases/state-rel-172.pdf.

     8.     Contracts, or portions thereof, between the Indiana Department of Correction and Wexford of Indiana, LLC. [*See*, e.g., Filing No. 166-5.]

     9.     Press releases from Indiana Auditor of State dated July 19, 2017 [Filing No. 166-11], and July 12, 2018 (available at https://calendar.in.gov/site/aos/event/indianas-financial-position-remains-strong/).

     10.     Indiana State Budget Agency Fiscal Year 2017-2018 Close-Out Statement Surplus Statement (available at https://www.in.gov/sba/files/FY2018_Closeout_Surplus.pdf).   other docs from remedy folder

     11.     "Hepatitis C Fight Hinges on Prisons," Noreen Marcus, *U.S. News and World Report*, February 5, 2019.

     12.     "Indiana Agrees to Provide Hepatitis C Drugs to More Medicaid Recipients," Marilyn Odendahl, *The Indiana Lawyer*, February 19, 2019.

     13.     "ACLU and Colorado Department of Corrections Reach Historic Settlement to Treat all Colorado Prisoners with Hepatitis C," September 12, 2018 (available at https://www.aclu.org/news/aclu-and-colorado-department-corrections-reach-historic-settlement-treat-all-colorado-prisoners).

     14.     "Colorado Approves $41 million Settlement to Treat 2,200 Prisoners with chronic Hepatitis C," Blair Miller, *TheDenverChannel.com*, September 12, 2018, updated September 13, 2018 (available at https://www.thedenverchannel.com/news/politics/colorado-approves-41-million-settlement-to-treat-2-200-prisoners-with-chronic-hepatitis-c).

15. "5,000 Inmates with Hepatitis C Sued Pa. Prisons. Now, They're on Their Way to Getting Treatment," Samantha Melamed, *philly.com*, updated November 20, 2018 (available at https://www.philly.com/philly/news/hepatitis-c-prison-treatment-pennsylvania-department-corrections-david-rudovsky-settlement-20181119.html).

16. "PA DOC Agrees to Treat All Inmates with Hepatitis C," *Kairys, Rudovsky, Messing, Feinberg & Lin*, November 20, 2018 (available at https://www.krlawphila.com/pa-doc-agrees-to-treat-all-inmates-with-hepatitis-c/).

17. "Pa. Department of Corrections to Provide Costly Hepatitis C Treatment to Nearly 5,000 Inmates," Bobby Allyn, WHYY.org, November 19, 2018 (available at https://whyy.org/articles/pa-department-of-corrections-to-provide-costly-hepatitis-c-treatment-to-nearly-5000-inmates/).

18. Spreadsheets maintained by Wexford of Indiana, LLC, regarding historical and current lists of inmates with HCV.

19. Any admissible exhibit listed on any party's, or former party's, final exhibits list, preliminary exhibits list, or initial disclosures.

20. Any document or writing used to impeach or rebut any witness.

21. All exhibits listed by any party in the briefing of summary judgment and/or remedy.

22. All exhibits listed by Defendants, unless objected to by Plaintiff.

Plaintiffs specifically reserve the right to introduce exhibits subsequently discovered or disclosed by any party, non-party or witness; any exhibits produced by subpoena or other requests to third parties; exhibits as may be necessary after considering Defendants' evidence at hearing, and to seek leave of Court to introduce additional exhibits.

Respectfully submitted,

FINDLING PARK CONYERS WOODY
 & SNIDERMAN, PC

*s/ Mark W. Sniderman*
Mark W. Sniderman

*One of the Attorneys for Plaintiffs*

FINDLING PARK CONYERS WOODY & SNIDERMAN, PC
151 N. Delaware St., Ste. 151
Indianapolis, IN  46204
(317) 231-1100 T
(317) 231-1106 F
msniderman@findlingpark.com