IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL RAY STAFFORD, CHARLES SMITH and DOUGLAS SMITH, individually, and on behalf of those similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   Case No. 1:17-cv-289-JMS-MJD ) |
| ROBERT E. CARTER, JR., et al., | ) ) |
| Defendants. | ) ) |

**ORDER FINDING SETTLEMENT AGREEMENT TO BE FAIR, REASONABLE AND ADEQUATE PURSUANT TO RULE 23(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

This matter comes before the Court after the filing of the Third Stipulation to Enter into Settlement Agreement Pursuant to 18 U.S.C. § 3626(c)(2) Following Notice to the Class and Fairness Hearing (hereinafter referred to as "Stipulation"). [Filing No. 268.] On October 15, 2019, this Court held a fairness hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to determine whether the proposed settlement is a fair, reasonable, and adequate resolution of this matter. The parties appeared by counsel at the hearing. The parties addressed the Court concerning the history of the litigation and the process and content of the proposed settlement.

Having considered the Stipulation, the reports of class counsel, and the arguments of counsel at the fairness hearing and the record in this matter,

IT IS HEREBY FOUND that:

1. This action was filed on January 27, 2017, by three inmates incarcerated in the Indiana Department of Correction ("IDOC"), who alleged that Defendants failed to provide medical treatment for chronic Hepatitis C "("HCV") that met the recognized

standard of care in the United States and that this failure violated the Eighth Amendment to the United State Constitution, Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12131 et seq. (the "ADA"), and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 et seq. (the "Rehabilitation Act"). [Filing Nos. 1, 39.]

2. On September 15, 2017, Plaintiffs moved for class certification pursuant to Fed. R. Civ. P. 23(b)(2), seeking only injunctive and declaratory relief for the class [Filing No. 99 at 2; Filing No. 100 at 1-2.]

3. On February 21, 2018, this Court certified this case as a class action with respect to the Eighth Amendment, ADA, and Rehabilitation Act claims. [Filing No. 148.] The Court later amended the class to be comprised of: "all current and future prisoners in IDOC custody who have been diagnosed, or will be diagnosed, with chronic HCV, and for whom treatment with DAA medication is not medically contraindicated." [Filing No. 186 at 43.] The Court also decertified the class with respect to the ADA and Rehabilitation Act claims. [*Id.*]

4. On September 13, 2018, this Court issued its Order on cross-motions for summary judgment, granting, inter alia, "Plaintiffs' Motion for Summary Judgment as to liability on the Eighth Amendment claim." [*Id.* at 44.]

5. On March 26, 2019, Plaintiffs moved for a permanent injunction. [Filing No. 218.] This motion is fully briefed. [Filing Nos. 219, 224, 225, 226, 227 and 229.] Before a hearing or ruling on this motion, the Parties filed the Stipulation.

6. No final judgment has been entered in this case.

7. Settlement conferences have been held on January 18, 2018; November 13 and 19, 2018; and May 21, 2019. [Filing Nos. 142, 201, 202 and 236.]

8. The Stipulation is designed to settle all pending matters in this litigation.

9. This Court has jurisdiction over the subject matter of this action and over all the parties, including the members of the certified class.

10. The class has been given proper and adequate notice of the proposed resolution of this case through the Stipulation. This notice was given as required by the Court's order of August 13, 2019. [Filing No. 257.] The notice invited class members to notify class counsel as to any objections to, or comments on, the proposed Stipulation. Additional notice was given pursuant to the Court's order regarding attorney fees and costs. These notices provided valid, due, and sufficient notification of these proceedings and of the proposed settlement, and it included information regarding the procedures for making comments to the Stipulation.

11. The notice to the class fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

12. On October 4, 2019, class counsel filed their Report to the Court Following Notice to Class with comments from class members who replied to the notice. [Filing No. 263.] Class counsel filed an additional report following the second notice regarding attorneys' fees and costs. The Court has reviewed the comments.

13. Following the standards established by Fed. R. Civ. P. 23 and *Synfuel Technologies, Inv. v. DHL Express, Inc.*, 463 F.3d 646, 653 (7th Cir. 2006), the Court finds that the Stipulation, the administrative closure and the ultimate dismissal of this action as contemplated by the Stipulation, to be fair, reasonable, and adequate for the following reasons:

    a. The purpose of this litigation was to obtain medical treatment for chronic HCV that meets the recognized standard of care in the United States. The Stipulation provides that all class members will receive such treatment, which

will be phased in by July 1, 2023. Those inmates with higher-stage progression and fibrosis, as measured by APRI or Fibroscan scores, will be treated first. The DAA treatment will be phased in based on the individual class member's HCV progression and fibrosis score, which will be re-evaluated every 90 days. The Stipulation is fair and reasonable because it ensures treatment for all class members while maximizing the IDOC's ability to timely treat the class members. Class members with less than four months left on their sentence will not be guaranteed treatment because of the time is takes to treat them with DAA drugs—12 weeks—and the time it takes to prepare them for treatment. However, these members will be eligible for treatment under Medicaid (if they are otherwise eligible for Medicaid) upon their release, and the IDOC will apply for Medicaid on their behalf. The Stipulation is contingent upon the Indiana General Assembly providing adequate funding to treat class members with an APRI score of less than 0.7: if it does not, this case will be re-opened and proceed on the merits. The Stipulation provides necessary flexibility to meet the future needs of class members by allowing for the case to be re-opened and to proceed on the merits should the IDOC not request an appropriation, should the IDOC not obtain an appropriation, or should the HCSD not be revised. Thus, it appears to the Court that the proposed Stipulation accomplishes the litigation goals of the Plaintiffs. Given the current status of the case, the Court finds that the comparison of the strength of Plaintiffs' case balanced against the Stipulation, renders the proposed settlement fair, reasonable, and adequate.

      b.      The complexity, length, and expense of continued litigation weigh in favor of finding that the Stipulation is fair, reasonable, and adequate. Given the

4

provisions of the Stipulation, and the significant changes already made by the IDOC and its medical vendor since the inception of this case, continued litigation would require a hearing on the motion for permanent injunction, implementation of any potential injunction ordered by this Court, and a potential appeal, and it is unclear to the Court that a better result than that presented in the Stipulation could be attained by Plaintiffs even if they were to be victorious on appeal. Additionally, protracted litigation may impede the speed with which class members obtain treatment due to the availability of funding. The Stipulation allows Plaintiffs to re-open this action if the General Assembly does not provide the necessary funding, if the Defendants do not request the appropriate funding, or if they fail to revise their policies; and it allows Plaintiffs to move to enforce the settlement for any other failure to comply with the Stipulation. [Filing No. 268 at 13-15.] Further, Defendants will provide Plaintiffs' counsel with updated records concerning the treatment status of class members every 90 days: Plaintiffs' counsel will monitor those records and will bring questions and concerns to the attention of Defendants, the IDOC, and its medical vendor. These additional safeguards further demonstrate, in the Court's opinion, that the Stipulation is fair, reasonable, and adequate.

      c.      As indicated, the Court has reviewed the report filed by Plaintiffs' counsel concerning the comments of inmates who have responded to the notice of the proposed Stipulation and has reviewed the comments that have been filed. The Court notes that few prisoners actually object to the settlement itself, and that many want the appropriate treatment, but they want it as quickly as possible. The Court is confident that Plaintiffs' counsel will monitor the implementation of this

5

agreement and will bring to defense counsel's and the medical provider's attention the cases of inmates who believe they should receive treatment more expeditiously. In short, the Court does not find the level of opposition to the Stipulation to be sufficient for the Court to question that it is a fair, reasonable, and adequate resolution of this matter.

  d. There is no evidence of any collusion between the parties entering into the Stipulation. The Court is satisfied that the Stipulation is the result of arms-length negotiations.

  e. The class is represented by counsel who are experienced in litigation concerning prison condition, and the attorneys' fees and costs are reasonable.

  f. The stage of the proceedings and amount of discovery weigh in favor of finding that the Stipulation is fair, reasonable, and adequate. The settlement was arrived at only after lengthy discovery, extensive briefing, and lengthy negotiations.

For the foregoing reasons, the Court finds that the Stipulation is a fair, reasonable, and adequate resolution of this matter.

IT IS THEREFORE ORDERED that the Stipulation [Filing No. 268], will remain actively in effect until July 1, 2025. At that time, absent written agreement or order of the Court as noted on page 15 of the Stipulation, this case will automatically be dismissed without prejudice.

IT IS SO FOUND AND ORDERED on this _____ day of _____,

2019.

                                                          _____
                                                          United States District Court Judge
                                                          Southern District of Indiana

Distribution:

All ECF-registered counsel of record via e-mail generated by the court's ECF system.