UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL RAY STAFFORD, <br> CHARLES SMITH and DOUGLAS SMITH, <br> individually, and on behalf of those <br> similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT E. CARTER, JR., et al., <br><br> Defendants. | Case No. 1:17-cv-289-JMS-MJD |

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs, Michael Ray Stafford, Charles Smith, and Douglas Smith, individually, and class members, by counsel, hereby move the Court to approve of the parties' proposed settlement agreement governing attorneys' fees and costs, pursuant to S.D. Ind. L.R. 7-1, and order of this Court. [Filing No. 265 at 1.] In support of this motion, Plaintiffs state as follows:

1. On August 9, 2019, Plaintiffs and Defendants filed their Joint Motion to Approve Form and Manner of Notice and to Set Matter for Fairness Hearing (hereinafter referred to as the "First Motion to Approve Form and Manner of Notice"). [Filing No. 252.]

2. On August 12, 2019, Plaintiffs and Defendants filed their Amended Stipulation to Enter into Settlement Agreement Pursuant to 18 U.S. Code § 3626(c)(2) Following Notice to the Class and Fairness Hearing ("Amended Stipulation"). [Filing No. 253.]

3. A fairness hearing was conducted by the Court on October 15, 2019, on the

Amended Stipulation, to determine whether it was fair, reasonable and adequate. [*See* Filing No. 265.] At the hearing and subsequent to it, the Court found the First Motion to Approve Form and Manner of Notice was inadequate and ordered the Plaintiffs to submit a motion for attorneys' fees; to provide a second notice to the class, with additional information regarding attorneys' fees and costs; and collect and report comments received as a result to the Court. [Filing No. 265.]

4. Accordingly, Plaintiffs today filed their Motion to Approve Form and Manner of Notice Regarding Attorneys' Fees and Costs. [Filing No. 269.] The language of the proposed notice and the timesheets of the Plaintiffs' attorneys are attached to that motion as exhibits. [Filing Nos. 269-1 – 269-4.]

5. The parties have also today filed their Third Stipulation to Enter into Settlement Agreement Pursuant to 18 U.S. Code § 3626(c)(2) Following Notice to the Class ("Third Stipulation"). [Filing No. 268.]

6. In the Third Stipulation, the parties recount that Defendants have agreed, subject to approval of the Court, to pay $307,359 in attorneys' fees to Plaintiffs' counsel; and to pay $4,974 in costs, as part of the tentative compromise reached by the parties in this action. [*Id*. at 16.]

7. Plaintiffs alleged that the medical treatment, or lack thereof, that Plaintiffs received for their chronic Hepatitis C ("HCV") while incarcerated violated the Eighth Amendment to the United States Constitution, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. [Filing No. 39 at 5.]

8. Defendants have denied, and continue to deny Plaintiffs' allegations, at all times. [Filing No. 268 at 3, 5 6.]

9. On September 13, 2018, the Court granted Plaintiffs' motion for summary

judgment as to Defendants' liability on the Eighth Amendment claim. [Filing No.186.]

10. Subsequent to the order on summary judgment, on March 26, 2019, Plaintiffs filed a motion for a permanent injunction. [Filing No. 218.] That motion is now fully briefed. [Filing Nos. 219, 224, 225, 226, 227 and 229.]

11. Before the motion for permanent injunction was heard or ruled upon by the Court, the parties continued to attempt to resolve this matter by a negotiated resolution, and subsequently reached a tentative settlement agreement, subject to approval of the Court. [Filing Nos. 230, 253, 268.]

12. The Third Stipulation represents the current tentative settlement agreement, incorporating the direction, and subject to ultimate approval, of the Court. [Filing No. 268.] Court approval is required and dependent upon the Court finding the terms of the agreement to be fair, reasonable and adequate, pursuant to Fed. R. Civ. P. 23.

13. No final judgment has been entered in this case.

14. No relief that materially alters the legal relationship between the parties has been ordered in this case.

15. Plaintiffs are not a prevailing party or parties for the purposes of Fed. R. Civ. P. 54.

16. If Plaintiffs were to ultimately prevail on their claims under the Eighth Amendment, the ADA and/or the Rehabilitation Act, they would be permitted to seek their full attorneys' fees and permissible costs from Defendants pursuant to 42 U.S.C. 1988, the ADA and/or the Rehabilitation Act, and Rule 54.

17. The Third Stipulation is designed to settle all pending matters in this litigation, including attorneys' fees and costs. [Filing No. 268.]

18. As a part of the Third Stipulation, Plaintiffs agreed to a compromise of their

attorney fees, and reduced their fees from what might otherwise be awarded if a judgment in their favor were entered, and they were deemed prevailing parties.

19. The current hourly rates for Plaintiffs' attorneys are as follows:

| Mark W. Sniderman | $330/hour |
| Robert Katz | $360/hour |
| Peter Erlinder | $350/hour |

[*See* Declaration of Mark W. Sniderman ("Sniderman Dec.," Exhibit 1), at 2; Declaration of Robert A. Katz ("Katz Dec.," Exhibit 2) at 2; and Declaration of C. Peter Erlinder ("Erlinder Dec.," Exhibit 3) at 2.]

20. Plaintiffs' attorneys documented the following hours spent on the Eighth Amendment claims in this matter, through July 9, 2019:

| Mark W. Sniderman | 672.7 |
| Robert Katz | 1,076.5 |
| C. Peter Erlinder | 64.5 |

[*See* Sniderman Dec. at 2, ¶¶ 5-6; Katz Dec. at 2-3, ¶¶ 9-10; and Erlinder Dec. at 2, ¶¶ 5-6; *and see* Sniderman Timesheet (Exhibit 4), Katz Timesheet (Exhibit 5), and Erlinder Timesheet (Exhibit 6), for the sheets referenced in the Declarations.]

This documentation, however, does not include all the time spent on the Eighth Amendment claims in this matter. [*See* Sniderman Dec. at 2, ¶¶ 5; Katz Dec. at 2-3, ¶¶ 9-10; and Erlinder Dec. at 2, ¶¶ 5-6.]

21. Plaintiffs compromised their attorneys' fees agreed upon in the Third Stipulation, in multiple respects:

    a. First, Attorneys Sniderman and Katz capped their hours for which they sought reimbursement at 660 hours each, and are not seeking compensation for additional time they have worked beyond that cap. [*See* Sniderman Dec. at 3, ¶ 6(d);

4

and Katz Dec. at 3, ¶ 10(c).] Accordingly, the hours spent on the Eighth Amendment claims for which Plaintiffs seek reimbursement were reduced as follows:

   Mark W. Sniderman   660

   Robert Katz   660

   C. Peter Erlinder   64.5

  b. Second, Plaintiffs sought fees for time using only the applicable hourly rate under the Prison Litigation Relief Act ("PLRA"), and thus are foregoing seeking market rates for their work on the ADA and Rehabilitation Act claims, which are being also being compromised (despite persuasive authority that the PLRA hourly rate does not apply to ADA or Rehabilitation Act claims. *See Armstrong v. Davis*, 318 F.3d 965, 974 (9th Cir 2003), and *Beckford v. Irvin*, 60 F. Supp.2d 85, 88 (W.D N.Y. 1999).) [*See* Sniderman Dec. at 3, ¶ 6(f); Katz Dec. at 3, ¶ 10(e); and Erlinder Dec. at 3, ¶ 6(f).]

  c. Third, Plaintiffs have relinquished an opportunity to seek a fee multiplier (one circuit has held that in awarding attorney fees associated with injunctive relief, the PLRA authorizes a court to enhance the lodestar figure in appropriate circumstances. *Kelly v. Wengler*, 822 F.3d 1085, 1100-1102 (9th Cir. 2016). [*See* Sniderman Dec. at 3, ¶ 6(g); Katz Dec. at 3, ¶ 10(f); and Erlinder Dec. at 3, ¶ 6(g).]

  d. Plaintiffs have also compromised upon the PLRA hourly rate used to calculate fees. Under the PLRA, "[n]o award of attorney's fees… … shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18, for payment of court-appointed counsel." 42 U.S.C. §

1997e(d)(3). Section 3006A, in turn, delegates rate-setting to the Judicial Conference. Courts have disagreed as to whether "established" under Section 3006A means the rate authorized by the Judicial Conference (given instructions to account for inflation), or the rate actually paid, given budgetary concerns and actual appropriations. Most courts hold the former: that the rate authorized is the appropriate rate which should be used. *See*, e.g., *Hadix v. Johnson*, 398 F.3d 863 (6th Cir. 2005) (the Judicial Conference's rate, not the rate actually paid, was appropriate). But the PLRA rate used in the proposed settlement agreement is 150% of the paid CJA hourly rate. The currently paid CJA hourly rate appears to be $148,[1] so the PLRA hourly rate amounts to $222. [*See* Sniderman Dec. at 3-4, ¶¶ 7-9; Katz Dec. at 3-4, ¶¶ 11-13; and Erlinder Dec. at 3-4, ¶ 7-9.]

22. Accordingly, the hours spent on the Eighth Amendment claims for which Plaintiffs seek reimbursement, the hourly rates, subtotals, and total are as follows:

| Attorney | Hours | Rate/Hour | Subtotal |
| --- | --- | --- | --- |
| Mark W. Sniderman | 660 | $220 | $146,520 |
| Robert Katz | 660 | $220 | $146,520 |
| C. Peter Erlinder | 64.5 | $220 | $14,319 |
| | | Total | $307,359 |

[*See* Sniderman Dec. at 4, ¶ 11; Katz Dec. at 4, ¶¶ 15; and Erlinder Dec. at 4, ¶ 11.]

23. Additionally, Plaintiffs' attorneys exercised billing discretion in multiple ways:

    a. they have not sought compensation for work performed in this matter

---

[1] https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-230-compensation-and-expenses#a230_16; *and see* http://www.ca7.uscourts.gov/criminal-justice-act/cjarates.htm.

since July 9, 2019;

  b. they did not bill all time for all calls, e-mails and work in this matter; and have not included time incurred by paralegal and assistants; and

  c. by grouping short calls, e-mails or periods of work together at the end of day.

[*See* Sniderman Dec. at 4, ¶ 11; Katz Dec. at 4, ¶¶ 15; and Erlinder Dec. at 4, ¶ 11.]

  24. As a part of the Third Stipulation, Plaintiffs also agreed to a compromise of their recoverable costs, and agreed to accept a reduced amount from what might otherwise be awarded if a judgment in their favor were entered, and they were deemed prevailing parties. As part of the proposed settlement agreement, Plaintiffs sought, and Defendants have agreed to pay, the following in costs:

| | | |
|---|---|---|
| 1. | Filing fee | $400 |
| 2. | Court reporter fees | |
| |  a. Dr. Fischer | $1,504.78 |
| |  b. Dr. VanNess | $ 752.37 |
| |  c. Monica Gipson | $ 634.17 |
| |  d. Dr. Vuppalanchi | $ 250.49 |
| |  e. Dr. Liangpunsakul | $ 236.26 |
| 3. | Travel expenses incurred by Attorney Sniderman for Dr. Fisher Deposition | |
| |  a. Airfare | $ 98.88 |
| |  b. Hotel | $ 293.47 |
| 4. | Travel expenses incurred by Attorney Erlinder for client visit | |
| |  a. Airfare & Car | $ 709.20 |
| |  b. Hotel | $ 94.38 |
| | Total Costs | $ 4,974.00 |

[*See* Sniderman Dec. at 4, ¶ 12; Erlinder Dec. at 4, ¶ 12.]

  25. Plaintiffs have not sought compensation for other costs they might otherwise be awarded if they were to prevail, pursuant to a Rule 54(d) motion for fees and costs,

and recoverable under 28 U.S.C. § 1920, such as the cost for video transmission charges arising from Dr. Fisher's deposition, copy fees for the depositions of the named plaintiffs, and some travel costs. [*See* Sniderman Dec. at 4, ¶ 12.]

26. For the foregoing reasons, and all those described in the Declarations attached hereto as exhibits, the agreed-upon amounts for attorneys' fees of $307,359, and costs of $4,974, as reflected in the Third Stipulation and this motion, are reasonable for a matter of this length and complexity, and Plaintiffs respectfully request the Court grant this motion, after reviewing comments from class members, should it find the Third Stipulation [Filing No. 268], to be fair, reasonable and adequate in all other respects.

WHEREFORE, Plaintiffs, by counsel, request that the Court grant their motion for attorneys' fees and costs, subject to a finding under Rule 23 that the Third Stipulation is fair, reasonable, and adequate in this and all respects, and grant all other proper relief.

Respectfully submitted,

FINDLING PARK CONYERS WOODY
 & SNIDERMAN, P.C.


*s/ Mark W. Sniderman*
Mark W. Sniderman

*One of the Attorneys for Plaintiffs*