UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL RAY STAFFORD, et al. | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:17-cv-00289-JMS-MJD |
| ROBERT E. CARTER, JR., et al. | ) |
| Defendants. | ) |

## ORDER DISCUSSING NOTICE FROM JASON PERRY

On December 10, 2019, Jason Seth Perry, D.O.C. No. 138925, filed pro se his Notice to Separate from Action and Pursue Personal Separate Action and Objections to Judgment. Dkt. [276]. Mr. Perry seeks to be excluded from the instant action and from the proposed settlement agreement filed with the Court because he has a separate ongoing action for compensatory damages and injunctive relief that involves his liver, Hepatitis C ("HCV"), and other denials of medical care. *Perry v. Gregory, et al.*, Case No. 1:18-cv-03373-JRS-TAB.

Plaintiffs and Defendants filed a joint response to Mr. Perry's notice notifying the Court that the master log maintained by Wexford of Indiana, LLC, indicates that Mr. Perry is currently receiving treatment for Chronic Hepatitis C.

Mr. Perry complains that he did not receive notice of this class action. The class in this action was sought and certified pursuant to Fed. R. Civ. P. 23(b)(2). Notice to class members of the class certification is permissive, but not mandatory, for Rule 23(b)(2) classes. Fed. R. Civ. P. 23(c)(2)(A). Furthermore, Fed. R. Civ. P. 23(c)(2)(B), which allows class members to request to be excluded, does not apply to Rule 23(b)(2) classes.

Mr. Perry remains free to pursue his separate action for damages and for injunctive relief

unrelated to the provision of direct-action antivirals medications. To the extent Mr. Perry meets the definition of class membership in this action, he remains a member of the class.

**IT IS SO ORDERED.**

Date: 1/2/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically-Registered Counsel