UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL RAY STAFFORD, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00289-JMS-MJD |
| | ) | |
| ROBERT E. CARTER, JR., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On August 9, 2019, the parties filed a Stipulation to Enter into Settlement Agreement. Dkt. 251. On October 15, 2019, the Court held a fairness hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. On October 22, 2019, the parties filed an amended Stipulation to Enter into Settlement Agreement ("Stipulated Settlement Agreement"). Dkt. 268. Having considered the Stipulated Settlement Agreement, the reports of class counsel, and the arguments of counsel at the fairness hearing and the record in this matter,

IT IS HEREBY FOUND that:

1. This action was filed on January 27, 2017, by three inmates incarcerated in the Indiana Department of Correction ("IDOC"), who alleged that Defendants failed to provide medical treatment for chronic Hepatitis C "("HCV") that met the recognized standard of care in the United States and that this failure violated the Eighth Amendment to the United State Constitution, Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12131 et seq. (the "ADA"), and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 et seq. (the "Rehabilitation Act"). Dkts. 1, 39.

2. On September 15, 2017, Plaintiffs moved for class certification pursuant to Fed. R. Civ.

P. 23(b)(2), seeking only injunctive and declaratory relief for the class. Dkt. 99 at 2; Dkt. 100 at 1-2.

3. On February 21, 2018, the Court certified this case as a class action with respect to the Eighth Amendment, ADA, and Rehabilitation Act claims. Dkt. 148. The Court later amended the class to be comprised of: "all current and future prisoners in IDOC custody who have been diagnosed, or will be diagnosed, with chronic HCV, and for whom treatment with DAA medication is not medically contraindicated." Dkt. 186 at 43. The Court also decertified the class with respect to the ADA and Rehabilitation Act claims. *Id*.

4. On September 13, 2018, the Court granted Plaintiffs' motion for summary judgment as to Defendants' liability on the Eighth Amendment claim. *Id*.

5. The Stipulated Settlement Agreement is designed to settle all pending matters in this litigation.

6. The Court has jurisdiction over the subject matter of this action and over all the parties, including the members of the certified class.

7. The class has been given proper and adequate notice of the proposed resolution of this case through the Stipulated Settlement Agreement. This notice was given as required by the Court's orders of August 13, 2019. Dkt. 257. The notice invited class members to notify class counsel as to any objections to, or comments on, the proposed Stipulated Settlement Agreement. Additional notice was given pursuant to the Court's order regarding attorney fees and costs. Dkt. 265. These notices provided sufficient notification of these proceedings and of the proposed settlement and included information regarding the procedures for making comments. The notice to the class fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

8. On October 4, 2019, class counsel filed their Report to the Court Following Notice to

Class with comments from class members who replied to the notice. Dkt. 263. Class counsel filed an additional report following the second notice regarding attorneys' fees and costs. The Court has reviewed the comments.

9. Following the standards established by Fed. R. Civ. P. 23 and *Synfuel Technologies, Inv. v. DHL Express, Inc.*, 463 F.3d 646, 653 (7th Cir. 2006), the Court finds that the Stipulated Settlement Agreement and the ultimate dismissal of this action as contemplated by it, to be fair, reasonable, and adequate for the following reasons:

   a. The purpose of this litigation was to obtain medical treatment for IDOC inmates with chronic HCV that meets the recognized standard of care in the United States. The Stipulated Settlement Agreement provides that all class members will receive such treatment, which will be phased in by July 1, 2023. Those inmates with higher-stage progression and fibrosis, as measured by APRI or Fibroscan scores, will be treated first. The DAA treatment will be phased in based on the individual class member's HCV progression and fibrosis score, which will be re-evaluated every 90 days. The Stipulated Settlement Agreement is fair and reasonable because it ensures treatment for all class members while maximizing the IDOC's ability to timely treat higher-stage class members. Class members with less than four months left on their sentence will not be guaranteed treatment because DAA drug treatment takes 12 weeks plus time to prepare the patient for treatment. However, these members will be eligible for treatment under Medicaid (if they are otherwise eligible for Medicaid) upon their release, and the IDOC will apply for Medicaid on their behalf. The Stipulated Settlement Agreement is contingent upon the Indiana General Assembly providing adequate funding to treat class members with an APRI score of less than 0.7: if it does not, this case will be re-opened and proceed on the merits. The Stipulated Settlement

Agreement provides necessary flexibility to meet the future needs of class members by allowing for the case to be re-opened and to proceed on the merits should the IDOC not request an appropriation, should the IDOC not obtain an appropriation, or should the Health Care Services Directive not be revised. Thus, it appears to the Court that the proposed Stipulated Settlement Agreement accomplishes the litigation goals of the Class. Given the current status of the case, the Court finds that the comparison of the strength of Plaintiffs' case balanced against the Stipulated Settlement Agreement, renders the proposed settlement fair, reasonable, and adequate.

b. The complexity, length, and expense of continued litigation weigh in favor of finding that the Stipulated Settlement Agreement is fair, reasonable, and adequate. Given the provisions of the Stipulated Settlement Agreement, continued litigation would require a hearing on the motion for permanent injunction, implementation of any potential injunction ordered by the Court, and a potential appeal. Additionally, protracted litigation may impede the speed with which class members obtain treatment. The Stipulated Settlement Agreement allows Plaintiffs to re-open this action if the General Assembly does not provide the necessary funding, if the Defendants do not request the appropriate funding, or if they fail to revise their policies; and it allows Plaintiffs to move to enforce the settlement for any other failure to comply with the Stipulated Settlement Agreement. Dkt. 268 at 13-15. Further, Defendants will provide Plaintiffs' counsel with updated records concerning the treatment status of class members every 90 days. Plaintiffs' counsel will monitor those records and will bring questions and concerns to the attention of Defendants, the IDOC, and its medical vendor. These additional safeguards further demonstrate that the Stipulated Settlement Agreement is fair, reasonable, and adequate.

    c. As indicated, the Court has reviewed the reports filed by Plaintiffs' counsel concerning the comments of inmates who have responded to the notice of the proposed Stipulated Settlement Agreement and has reviewed the comments that have been filed. The Court notes that few prisoners actually object to the settlement itself, and that many want the appropriate treatment, but they want it as quickly as possible. The Court is confident that Plaintiffs' counsel will monitor the implementation of this agreement and will bring to defense counsel's and the medical provider's attention the cases of inmates who believe they should receive treatment more expeditiously. In short, the Court does not find the level of opposition to the Stipulated Settlement Agreement to be sufficient for the Court to question that it is a fair, reasonable, and adequate resolution of this matter. Objections to the Stipulated Settlement Agreement are **overruled**.

    d. There is no evidence of any collusion between the parties entering into the Stipulated Settlement Agreement. The settlement was arrived at only after lengthy discovery, extensive briefing, and lengthy negotiations. The Court is satisfied that the Stipulation is the result of arms-length negotiations.

    e. The class is represented by counsel who are experienced in litigation concerning prison conditions, and the attorneys' fees and costs are reasonable.

## Conclusion

For the foregoing reasons, the Court finds that the Stipulated Settlement Agreement is a fair, reasonable, and adequate resolution of this matter. It is therefore ordered that the Stipulated Settlement Agreement, dkt. [268], is **approved** and will remain actively in effect until July 1, 2025. Plaintiffs' motion for attorneys' fees and costs, dkt. [270], is **granted**.

It is further ordered that, as all claims have been resolved against all parties, the action shall

<as
<as

be closed.

The Court retains jurisdiction to enforce the Stipulated Settlement Agreement or to re-open this action to be resolved on the merits should the IDOC not request an appropriation, should the IDOC not obtain an appropriation, or should the Health Care Services Directive not be revised. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 381 (1994) ("the parties' compliance with the terms of the settlement contract . . . may, in the court's discretion, be one of the terms set forth in the order"); *Pearson v. Target Corp.*, 893 F.3d 980, 983 (7th Cir. 2018).

**IT IS SO ORDERED.**

Date: 1/2/2020

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically-Registered Counsel