IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL RAY STAFFORD, CHARLES SMITH and DOUGLAS SMITH, individually, and on behalf of those similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:17-cv-289-JMS-MJD ) |
| ROBERT E. CARTER, JR., et al., | ) ) |
| Defendants. | ) |

## JOINT REPORT

Plaintiffs, Michael Ray Stafford, Charles Smith, and Douglas Smith, individually, and class members, and Defendants, Robert E. Carter, Jr., and Kristen C. Dauss, M.D., by their respective counsel, hereby file their Joint Report pursuant to order of the Court [Filing No. 285], and state as follows:

1. Richard Branum, D.O.C. No. 106718, filed pro se his Notice of Noncompliance Regarding Unnamed Class Member [Filing No. 284, hereinafter referred to as the "Notice"], on June 26, 2020.

2. In the Notice, Mr. Branum notifies the Court of Defendants' noncompliance with the stipulated settlement agreement ("Agreement"), entered in this action. Mr. Branum asserts he was diagnosed with chronic HCV in 2012; that he still has chronic HCV; that he was approved for treatment seven years ago; and that the Indiana Department of Correction ("IDOC") was not using his highest APRI score to schedule his treatment, in the manner in which they were required by the settlement agreement. [Filing No. 284 at 1-3.]

3. Prior to the filing of his notice, on May 30, 2020, Mr. Branum's spouse first contacted the undersigned Plaintiffs' counsel regarding Mr. Branum's situation. Mrs. Branum stated that Mr. Branum was a member of the class in this action, and sought to find out why he had not yet received treatment. Counsel and Mrs. Branum exchanged several emails that same day.

4. Undersigned Plaintiffs' counsel could not locate Mr. Branum on the Log of inmates with chronic HCV who are incarcerated within IDOC, provided by IDOC on April 1, 2020.

5. On June 1, 2020, undersigned Plaintiffs' counsel wrote to Defendants' counsel, and counsel for the IDOC's medical vendor Wexford of Indiana, LLC ("Wexford"), inquiring as to the status of Mr. Branum, and the reason his name did not appear on the Log.

6. On June 1, 2020, counsel for Wexford confirmed Mr. Branum had chronic HCV, but that his APRI scores were below 0.4, and that pursuant to the Agreement, he would be treated with Direct-Acting Antiviral medication on or before July 1, 2023.

7. On June 1 and 17, 2020, undersigned Plaintiffs' counsel wrote to Defendants' counsel to follow up as to why Mr. Branum's name did not appear on the Log.

8. On June 1, 2020, undersigned Plaintiffs' counsel wrote to Mrs. Branum to advise her of Wexford's response. Over the next twenty-four (24) days, Mrs. Branum and the undersigned Plaintiffs' counsel continued to correspond frequently, and spoke by phone once.

9. At all relevant times IDOC endeavored to review the Log to ensure the

Log was free from error and was open to review concerns raised by the class or class counsel.

10.     On June 26, 2020, Mr. Branum then filed his notice with the Court. [Filing No. 284.]  On June 29, 2020, undersigned Plaintiffs' counsel wrote to Defendants' counsel to follow up as to: why Mr. Branum's name did not appear on the Log; if it now was on the Log; if the same problem may have affected other class members; and if it had been rectified.

11.     On June 29, 2020, Defendants' counsel responded, and the undersigned counsel spoke on July 1, 2020. Defendants' counsel reported that he had been advised, preliminarily, that the reason why Mr. Branum's name was not present on the Log was due to a coding error; and the reason his highest APRI score had not been used was because the Log had not taken the necessity of the class member's highest APRI score into account.

12.     On July 1, 2020, Defendants' counsel sent an updated Log to Plaintiffs' counsel with a certification from Dr. Dauss that the Log was complete and accurate at the time it was produced and that it was accurate to the best of IDOC's knowledge, information, and belief formed after reasonable inquiry. This updated Log contained both Mr. Branum's name, and his highest APRI score.

13.     On July 14, 2020, the undersigned counsel met by phone again, and Defendants' counsel confirmed the nature of the two errors; that counsel had been advised the errors had been rectified; and that counsel had been advised that 485 class members had been affected by these errors. Defendants' counsel also stated that he was advised all class members who were supposed to begin treatment by July 1, 2020 pursuant to the Agreement, would instead begin treatment by August 1, 2020.  According

to the Defendants, Mr. Branum began receiving treatment on July 14, 2020 and is expected to complete treatment on October 13, 2020. Further, a Data Integration Specialist and Epidemiologist now oversee the Log under the management of Chief Medical Officer, Kristen Dauss, to mitigate future, unanticipated data issues

14. Mr. Branum's concerns have been successfully resolved by the parties through the informal process contemplated by the Agreement. Having both addressed the underlying issues and resolving same, the parties do not believe the intervention of the Magistrate Judge is necessary.

Wherefore, the parties, by counsel, respectfully submit their Joint Report.

Respectfully submitted,

*s/ Mark W. Sniderman*
Mark W. Sniderman
FINDLING PARK CONYERS WOODY
 & SNIDERMAN, P.C.
151 N. Delaware St., Ste. 1520
Indianapolis, IN  46204
(317) 231-1100 Tel
msniderman@findlingpark.com

*One of the Attorneys for Plaintiff*

*s/ Bryan R. Findleys*(by Mark W. Sniderman, with permission)
Bryan R. Findley
OFFICE OF ATTORNEY GENERAL
302 West Washington Street
IGCS-5th Floor
Indianapolis, IN  46204
P:  317-232-6217
Bryan.Findley@atg.in.gov

*One of the Attorneys for Defendants*